*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0223p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

RICKY T. BAILEY,

        *Defendant-Appellant.*

No. 05-6218

> Appeal from the United States District Court
> for the Eastern District of Tennessee at Chattanooga.
> No. 04-00131—R. Allan Edgar, District Judge.

Argued: March 6, 2007

Decided and Filed: June 15, 2007

Before: BATCHELDER and MOORE, Circuit Judges; MILLS, District Judge.[*]

---

## COUNSEL

**ARGUED:** Michael M. Losavio, Louisville, Kentucky, for Appellant. Gregg L. Sullivan, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Michael M. Losavio, Louisville, Kentucky, for Appellant. Perry H. Piper, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

---

## OPINION

---

      KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Ricky Travis Bailey ("Bailey") pleaded guilty to conspiracy to distribute in excess of five grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. The district court sentenced Bailey to seventy months in prison. On appeal, Bailey argues that the district court erred in failing to state that the Sentencing Guidelines are advisory, that the sentence imposed is both procedurally and substantively unreasonable, and that the district court erred in denying Bailey's request for a role reduction. We disagree, and for the following reasons, we **AFFIRM** the sentence pronounced by the district court.

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

## I. BACKGROUND

Agents of the 10th Drug Task Force procured Miranda Wooden's ("Wooden") cooperation after they found methamphetamine at her residence. As part of her cooperation, Wooden informed the agents that her source was James Douglas Weron ("Weron"). She also told the agents that Weron's "right-hand man" was Bailey. Joint Appendix ("J.A.") at 55 (Presentence Investigation Report ("PSR") at 4). At the government's request, Wooden called Weron and arranged for a delivery of methamphetamine. On August 27, 2004, Weron indicated over the telephone that in order to get the drugs Wooden wanted, he would need the money in advance. Weron also told Wooden that Bailey had $300 for the deal, and that Bailey would drive Weron to pick up the drugs.

On August 28, 2004, Weron and Bailey arrived at Wooden's house where they were arrested by task-force agents. Agents recovered one bag containing methamphetamine, and also a black pouch containing a set of digital scales and about one gram of methamphetamine. Weron had $358.00 on his person; Bailey had $1,096.00 on his person. A search of the house where both Bailey and Weron resided revealed another set of digital scales and a drug ledger with the name "Travis" appearing twice. J.A. at 55 (PSR at 4).

Bailey pleaded guilty to one count of conspiracy to distribute in excess of five grams of methamphetamine and one count of aiding and abetting possession with intent to distribute methamphetamine. The PSR (which the district court made part of the record) set Bailey's offense level at twenty-four and his criminal-history category at three, bringing him within a Guidelines range of sixty-three to seventy-eight months. The statutory minimum sentence for the conspiracy offense was sixty months.

Bailey objected to the PSR on the grounds that it failed to reduce his role to that of a minimal or minor participant in the criminal activity, pursuant to either § 3B1.2(a) or § 3B1.2(b) of the Guidelines. The probation officer did not change the PSR, responding that Bailey had failed to set forth any information which differentiated his role in the offense from that of Weron. Bailey raised this objection again at his sentencing hearing on July 25, 2005. The district court found that Bailey was not entitled to a role reduction.

At the sentencing hearing, Bailey also pointed out that his family and members of the community had submitted letters to the district court expressing their support for Bailey, and raised the fact that Bailey was seriously addicted to methamphetamine. The district court responded, "Most of them are. . . . You know, unfortunately," J.A. at 45-46 (Sentencing Hr'g at 5-6), and then proceeded to calculate the Guidelines range.

After adopting the Guidelines range set forth in the PSR, the district court noted that Bailey had a drug problem that, if left untreated, would lead to recidivism. Accordingly, the district court stated that it would recommend to the Bureau of Prisons that Bailey receive a five-hundred hour residential-drug-treatment program while imprisoned. In pronouncing Bailey's sentence of seventy months, the district court stated that it was "considering [Bailey's] need for personal drug rehabilitation as well as the protection of the public here because you do have probably as a result of your drug substance abuse problems, also, a rather lengthy criminal record for someone your age." J.A. at 47 (Sentencing Hr'g at 7). The sentence also contained a four-year term of supervised release and a $200.00 special assessment.

After pronouncing Bailey's sentence, the district court asked Bailey whether he had any objections. His counsel replied, "No, sir." J.A. at 49 (Sentencing Hr'g at 9). The district court never acknowledged that the Guidelines are advisory at any point in the sentencing hearing.

Final judgment was entered on August 4, 2005, and Bailey filed a timely notice of appeal. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II. ANALYSIS

Bailey raises four issues for review. First, he argues that the district court's failure to mention that the Guidelines are advisory warrants resentencing. Second, Bailey argues that the sentence was procedurally unreasonable. Third, Bailey asserts that the sentence was substantively unreasonable. Finally, Bailey asks us to conclude that the district court erred in denying his request for a role reduction.

### A. District Court's Failure to Mention that the Guidelines are Advisory

Bailey argues that we should remand for resentencing because the district court did not acknowledge at the sentencing hearing that the Guidelines are advisory. Bailey does not explain why we must automatically remand when the district court fails to state that the Guidelines are advisory, and he cites no law in support of his position.

The government argues that the district court knew that the Guidelines are advisory as was evidenced by a statement made by the district court at Bailey's rearraignment hearing on March 28, 2005. This hearing was conducted four months prior to the sentencing hearing. The problem with the government's position is that the district court cannot demonstrate that it properly applied the Guidelines at sentencing based on a comment that it made at a different hearing four months earlier. This would be analogous to the proposition that if a district court properly articulated and applied an evidentiary rule on one day of a trial, then it must have properly applied that same rule of evidence on another day of the trial.

Although we do not agree with the government's reasoning, we nonetheless conclude that the district court did not commit error by failing to state at the sentencing hearing that the Guidelines are advisory. Although we do believe that acknowledging the advisory character of the Guidelines at sentencing is helpful to demonstrate the district court's understanding, we hold that a district court need not state on the record at sentencing that the Guidelines are advisory. This conclusion keeps in analytical step with other areas of our sentencing law. In *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006), we held that a district court "'need not recite the[] [§3553(a)] factors." *Id.* (second alteration in original) (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)). Instead, we focused on whether the district court "'articulate[d] its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review.'" *Id.* (quoting *Kirby*, 418 F.3d at 626).

Similarly, in *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006), we held that "misstatements of the district court's sentencing task do not necessarily imply a reversible sentencing error." *Id.* Rather, we look to whether the district court actually applied the appropriate standard in determining the defendant's sentence. *See id.* ("[D]espite the district court's repeated enunciation of 'reasonableness,' it nonetheless appears that the district court was concerned with imposing a sentence that was sufficient but no greater than necessary to comply with § 3553(a).").

In keeping with our reasoning in *Richardson* and *Davis*, it follows that a district court need not state on the record that the Guidelines are advisory. The key is whether the district court demonstrates, through its application of the Guidelines, that it recognizes that the Guidelines are advisory. Conversely, when the district court does not apply the Guidelines and factors in a manner demonstrating that it understands the proper role of the Guidelines, then the sentence rendered is procedurally unreasonable. Failure to acknowledge that the Guidelines are advisory may be evidence that the sentence was reached in an unreasonable manner. Moreover, when the district court makes a statement that demonstrates that it does not understand that the Guidelines are advisory, we will remand for resentencing. *See United States v. Kosinski*, 480 F.3d 769, 778 (6th Cir. 2007). However, we refuse Bailey's request to create an automatic-remand rule whenever the district court does not explicitly acknowledge that the Guidelines are advisory. Because Bailey does

not marshal evidence in support of the position that the district court actually failed to apply the Guidelines as advisory, we conclude that Bailey's argument is without merit.

## B. Procedural Reasonableness

Bailey makes two arguments as to why he believes his sentence is procedurally unreasonable. First, he makes a general argument that the district court did not clearly articulate and communicate its reasoning and that the record does not demonstrate sufficient consideration of the statutory factors. Second, Bailey makes a more specific argument that the district court did not adequately consider or articulate its consideration of the family and community support expressed for Bailey.

When objections are properly preserved, we review a sentence for reasonableness. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1110 (2006). However, when the district court asks at sentencing whether there are any objections to the sentence and the appellant raises none, we review the sentence only for plain error. *United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006). After pronouncing Bailey's sentence, the district court asked Bailey whether he had any objections; he responded in the negative. The plain-error standard applies here, because Bailey failed to raise his objections to the district court below.

For this court to find plain error, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Generally, an error does not affect substantial rights unless it is prejudicial—in other words, the error "must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. The defendant bears the burden of persuasion that the error was prejudicial. *Id.* If the first three conditions for plain error are met, "an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson*, 520 U.S. at 467 (alteration in original) (internal quotation marks omitted) (quoting *Olano*, 507 U.S. at 732).

In the case at bar, we assume without deciding that the district court made procedural errors at sentencing. Bailey has not provided us with any argument alleging that his substantial rights were affected by these errors. Because Bailey has failed to meet his burden to show that his substantial rights were affected, we conclude that the district court did not commit plain error with respect to the procedural reasonableness of Bailey's sentence.

## C. Substantive Reasonableness

Bailey argues that his sentence is substantively unreasonable. Sentences within the Guidelines range are afforded a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), *petition for cert. filed*, (July 11, 2006) (No. 06-5275). Bailey's seventy-month sentence was within the Guidelines range of sixty-three to seventy-eight months, and thus, is presumed reasonable. The record does not indicate that Bailey has rebutted this presumption. "[A] sentence may [be] substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quoting *Webb*, 403 F.3d at 385) (third through sixth alterations in original).[1]

---

[1] In *Webb*, the case in which we first set forth the proper scope of reasonableness review post-*Booker*, we did not use the term "substantive." In *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006), we first described our holding in *Webb* as setting forth "both *substantive* and *procedural* components to our reasonableness review," *id.* at 475 n.3, but

Bailey argues that the length of the sentence imposed conflicts with the language in 18 U.S.C. § 3553(a) requiring that a district court impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of the sentencing statute. *Id.* Specifically, Bailey argues that the drug rehabilitation program will not require seventy months of imprisonment, that he has the support of his family to help him when he gets out of prison, and that remaining in prison will put his rehabilitation in jeopardy as he will associate with criminal elements.

We conclude that Bailey has failed to rebut the presumption that his within-Guidelines sentence was substantively reasonable. The district court noted that Bailey had a drug problem that, if left untreated, would lead to recidivism. This concern led the district court to recommend that Bailey receive a five-hundred hour residential-drug-treatment program while imprisoned. In imposing the seventy-month sentence, the district court "consider[ed] [Bailey's] need for personal drug rehabilitation, as well as the protection of the public here because you do have probably as a result of your drug substance abuse problems, also, a rather lengthy criminal record for someone your age." J.A. at 47 (Sentencing Hr'g at 7).

Bailey's argument that the drug-treatment program does not take seventy months to complete translates into an argument that his sentence should be only as long as the drug-treatment program takes to fulfill. The district court's concerns with the public's protection and with Bailey's criminal record are not adequately addressed by a five-hundred hour drug-treatment program. We are not convinced by Bailey's arguments that his family's support and the need to stay away from criminal elements render the seventy-month sentence unreasonable. Any defendant convicted of a crime could argue that his rehabilitation is in jeopardy because he is incarcerated with other people convicted of crimes. The fact that a defendant has supportive family members waiting to assist him after he serves his prison term, while fortunate, should not weigh in the substantive-reasonableness balance. In short, there is nothing special about Bailey's position that rebuts the presumption that his sentence is presumptively reasonable.

## D. Role Reduction

Bailey also argues that the district court should have granted either a two- or four-point reduction under § 3B1.2 of the Guidelines, because according to Bailey, he was only a minimal or minor participant in the underlying offense. "Whether a defendant is entitled to a downward offense-level adjustment under U.S.S.G. § 3B1.2 'depends heavily on factual determinations, which we review only for clear error.'" *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005) (quoting *United States v. Solorio*, 337 F.3d 580, 601 (6th Cir.), *cert. denied*, 540 U.S. 1063 (2003)). The defendant has the burden of proving by a preponderance of the evidence that he is entitled to the reduction. *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir.), *cert. denied*, 534 U.S. 916 (2001), 534 U.S. 936 (2001). "Defendants may be minimal or minor participants in relation to the scope of the conspiracy as a whole, but they are not entitled to a mitigating role reduction if they are held

---

we did not set forth what each component entailed. In *Ferguson*, we first delineated which aspects of our reasonableness review, as set forth in *Webb*, are part of the procedural component and which aspects are part of the substantive component. *Ferguson*, 456 F.3d at 664. In many ways, the procedural and substantive components, as delineated by *Ferguson* and subsequent cases, appear to overlap. *Compare e.g.*, *id.* ("A sentence may be procedurally unreasonable if 'the district judge . . . neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a) . . . .'" (quoting *Webb*, 403 F.3d at 383)), *with id.* ("[A] sentence may [be] substantively unreasonable where the district court '. . . fail[s] to consider pertinent § 3553(a) factors . . . .'" (quoting *Webb*, 403 F.3d at 385) (third alteration in original)). We are, of course, currently bound by the delineation set forth in *Ferguson* and subsequent cases, *see Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); 6th Cir. R. 206(c) ("Reported panel opinions are binding on subsequent panels."), but regardless of how the components are delineated, we are primarily bound by the requirement set forth in *Webb*, the earliest of these cases, that we consider both "the length of the sentence" and "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination," *Webb*, 403 F.3d at 383.

accountable only for the quantities of drugs attributable to them." *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002).

At sentencing, the district court correctly found that Bailey was credited with only the drugs to which he pleaded guilty, and that, therefore, "there is nothing to adjust." J.A. at 44 (Sentencing Hr'g at 4). The district court further found, based on the facts in the PSR, that Bailey was Weron's "right[-]hand man," and that Bailey "participated," "was right there," and was "involved in" the attempted drug transaction. *Id.* Because Bailey was held accountable only for the quantity of drugs to which he pleaded guilty, the district court did not err in denying Bailey's request for a role reduction.

## III.  CONCLUSION

We hold that we will not remand for resentencing merely because the district court did not explicitly state that the Guidelines are advisory. Because Bailey has failed to demonstrate that he was prejudiced by any alleged procedural errors made by the district court, that his sentence was substantively unreasonable, or that the district court erred in rejecting Bailey's request for a role reduction, we **AFFIRM** the sentence.