NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0578n.06
Filed: September 26, 2008

No. 06–6512

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,        )
                                    )
     Plaintiff-Appellee,          )
                                    )
v.                                )   ON APPEAL FROM THE UNITED
                                    )   STATES DISTRICT COURT FOR THE
CHRIS SHULTS,                )   EASTERN DISTRICT OF TENNESSEE
                                    )
     Defendant-Appellant.      )
                                    )

Before: MARTIN, ROGERS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Chris Shults pleaded guilty to conspiring to distribute, and to possessing with the intent to distribute, five or more kilograms of cocaine. The district court imposed a within-guidelines sentence of 87 months. Because the court, in denying Shults's motion for a downward departure, appreciated its discretion to grant the departure and because the sentence was otherwise reasonable, we affirm.

I.

In May 2006, the government charged Shults with conspiring to distribute, and with distributing, cocaine. He entered into a plea agreement, one component of which required him to cooperate with law enforcement agents. He later assisted the government by obtaining a kilogram of cocaine from an individual named Dewey Lynn Philips in a recorded transaction.

A ten-year statutory minimum normally applies to individuals who possess more than five kilograms of cocaine with the intent to distribute it. 21 U.S.C. § 841(b)(1)(A). But Shults's presentence report invoked the "safety valve" provision, 18 U.S.C. § 3553(f), due to his cooperation with the government, and as a result the report recommended a guideline sentence range of 70 to 87

months.  Shults did not object to the presentence report (at least with respect to any issues raised on appeal), and neither did the government.

Based on Shults's cooperation, the government filed a motion for a downward departure, asking the court to lower his sentence by one guidelines level, which would have reduced his guidelines range to 63–78 months.  Shults filed a separate motion for a downward departure based on his cooperation, asking the court to reduce his sentence to 36 months.

Although the district court understood its discretion to grant the motion, the court ultimately denied it for two reasons:  Shults had been paid for his cooperation, and he had "conceal[ed] criminal activity from the government during a time when [he was] acting . . . as a confidential informant." JA 168.  The judge was particularly concerned that Shults's continued criminal activities would have "given enough fodder to defense attorneys to challenge [his] credibility to make it impossible for the government to use [him]."  JA 168.

The court next considered what sentence was "sufficient but not greater than necessary to accomplish the goals of sentencing established by the Congress."  JA 167.  After accounting for the §3553(a) factors, including the 70–87 month guidelines range, the court imposed a top-of-the-guidelines, 87-month sentence—in part due to the seriousness of the offense and in part due to Shults's prior criminal activity and what the court perceived to be a high risk of recidivism.  "Does either party," the court then asked, "have any objections to the sentence just pronounced that have not been previously raised?"  JA 176.  Shults renewed his objections to some factual allegations in the presentence report, and the court granted them, noting that they did not have an impact on his proposed sentence.  Neither Shults nor the government raised any other objections to the sentence.

II.

Shults raises two arguments on appeal:  The district court should have granted his motion for a downward departure, and his 87-month sentence is unreasonable.  Neither argument has merit.

A.

In challenging the district court's denial of his motion for a downward departure, Shults faces a serious obstacle.  So long as the district court appreciates its authority to grant a downward departure, the exercise of its discretion in opting whether to grant or deny the motion is unreviewable.  *United States v. Wheaton*, 517 F.3d 350, 370 (6th Cir. 2008).  Shults has not made this showing.  Nothing in the record suggests that the district court did not appreciate its discretion to grant the motion.  To the contrary, when the district court gave its reasons for denying the departure, it expressly acknowledged its authority to grant the motion.

Apparently seeking to sidestep this limitation on our authority to review a district court's downward-departure ruling, Shults argues that, under 18 U.S.C. § 3742(a), we may always review a sentence if:  (1) it was imposed "in violation of law"; (2) it resulted from an incorrect application of the guidelines; (3) it was an upward departure; or (4) it was imposed for "an offense for which there is no sentencing guideline and is plainly unreasonable."  *See United States v. Puckett*, 422 F.3d 340, 346 (6th Cir. 2005).  Fair enough.  But Shults has not made a serious argument that any of the § 3742(a) grounds for review apply here, save for the fact that he seems to argue, and in some places explicitly argues, that his sentence was imposed "in violation of law" because the process underlying it and the length of it are *unreasonable*—a point to which we now turn.

B.

"In reviewing sentences after *Booker*, we first ensure that the district court committed no significant procedural error . . . [and] then consider the substantive reasonableness of the sentence imposed." *United States v. Grossman*, 513 F.3d 592, 595 (2008) (internal question marks omitted). With respect to Shults's procedural arguments, he did not raise any of them before the district court, even after being given an opportunity to do so. Plain-error review thus applies, requiring him "to show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (internal quotation marks omitted).

While his brief is long on generalities and short on specifics, Shults first says that the trial court relied on "unproven allegations and hearsay" in sentencing him. Br. at 27. But that is all he says. He never identifies any specific unproven allegations or (allegedly) problematic hearsay, which means the argument is waived on appeal. "[I]ssues averred to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Leary v. Livingston County*, 528 F.3d 438, 449 (6th Cir. 2008) (internal question marks omitted). Nor at any rate is there any indication in the record that the trial court relied on "clearly erroneous facts." *United States v. Funk*, 534 F.3d 522, 526 (6th Cir. 2008) (internal question marks omitted). Shults's hearsay argument fares no better. Unlike criminal trials, the Rules of Evidence and many constitutional prohibitions, such as the Confrontation Clause, do not apply at sentencing. *See Williams v. New York*, 337 U.S. 241, 246 (1949) (observing that "courts in this country [have] practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining" sentence lengths); *United States v. Silverman*, 976 F.2d 1502, 1504 (6th Cir. 1992) (holding that "any information may be considered [at

4

sentencing], so long as it has sufficient indicia of reliability to support its probable accuracy")
(internal quotations marks and emphasis omitted).

Shults next goes down the well-worn path of saying that the district court violated the Sixth
Amendment by relying upon "judicially found facts . . . not admitted by Mr. Shults." Br. at 28. But
that is not true so long as the district court finds such facts in the course of applying *advisory*
guidelines. *See United States v. Booker*, 543 U.S. 220, 226-27, 245 (2005). And no one doubts that
the District Court appreciated the advisory nature of the guidelines.

Shults does no better in hinting that the district court misapplied the guidelines. Because he
never identifies any specific calculation or application errors, the argument goes nowhere. *Leary*,
528 F.3d at 449.

Shults next argues that the district court gave undue weight to the guidelines by saying that
it was giving "substantial weight, or significant weight" to the guidelines calculation. Br. at 39. But
this contention misapprehends the record: The judge said only that he "*also* consider[ed] the
advisory guideline range in this case to be significant." JA 172 (emphasis added). The comment
shows only that the court considered the guidelines as one important factor among many, which the
relevant statute *requires*. *See* 18 U.S.C. § 3553(a)(4).

Shults further argues that the district judge improperly relied on his alleged prior criminal
conduct (the subject of the dismissed 2001 charge) in declining to give him a downward variance.
Here, too, we have a waiver problem, as he raises the argument for the first time in the case in his
appellate reply brief. *United States v. Moore*, 376 F.3d 570, 576 (6th Cir. 2004). Nor at any rate has
he shown (or even attempted to show) that the trial court's fact findings about this criminal activity
rested on false factual premises. Nor is there anything in the record that offers any hope for the

point. No record evidence suggests that Shults did not try to buy cocaine in 2001, and considerable record evidence suggests he did. And it remains the case that trial judges may rely on charged conduct that did not result in a conviction. *See United States v. Conway*, 513 F.3d 640, 645 (6th Cir. 2008); U.S.S.G. § 4A1.3(a)(2)(E).

Later in the sentencing hearing, it is true, the trial court perhaps should not have said that "the United States Court of Appeals for the Sixth Circuit has now found that a sentence within an advisory guideline range is a presumptively reasonable sentence." JA 172. While the statement is accurate, it erroneously suggests that the trial court saw its job as imposing a reasonable sentence, as opposed to one that is "sufficient but not greater than necessary to accomplish the goals of sentencing established by the Congress." JA 167. *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006). Yet Shults discusses the issue only in his reply brief and so has waived this argument as well, *Moore*, 376 F.3d at 576. At any rate, no substantial rights were affected here. *United States v. Bailey*, 488 F.3d 363, 368 (6th Cir. 2007). The judge carefully considered the § 3553(a) factors, and "he did not take his eye off the central sentencing considerations before him." *United States v. Cruz*, 461 F.3d 752, 755 (6th Cir. 2006). There thus is no reason to think that this inappropriate suggestion "affected the outcome" of the sentencing, *Bailey*, 488 F.3d at 368 (internal quotation marks omitted).

Lastly, Shults appears to challenge the length of his sentence, saying it is unduly long in view of his cooperation with the government, among other factors. Because the court issued a within-guidelines sentence, it receives a presumption of reasonableness, *Vonner*, 516 F.3d at 389, and, as with all sentences, we review the court's application of the §3553(a) factors for abuse of discretion, *Grossman*, 513 F.3d at 595. No abuse of discretion occurred here: The court fairly applied the §3553(a) factors; the underlying crime normally receives a 10-year mandatory minimum; the court

offered legitimate explanations for not varying downward still further; and it adequately explained why Shults has only himself to blame—by continuing to engage in illegal trafficking throughout his cooperation efforts with the government—for not receiving more credit for his efforts on behalf of the government.

III.

For these reasons, we affirm.