**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0423n.06

No. 08-1175

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jun 15, 2009**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

MARIO ACEVEDO,

    Defendant-Appellant.

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

Before:    **MARTIN and KETHLEDGE, Circuit Judges; and WATSON, District Judge.**[*]

MICHAEL H. WATSON, District Judge.  Defendant Mario Acevedo (hereinafter "Acevedo") pled guilty to one count of conspiring to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The district court sentenced Acevedo to 97 months in prison, 4 years of supervised release, and a $100.00 special assessment.  For the reasons that follow, we affirm.

I.

Acevedo, Ricardo Cornejo, Gabriel Rubalcava and Ruben Reyna were involved in a conspiracy to ship marijuana from Texas to Georgia and Florida.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

In December 2006, Cornejo and Reyna paid Acevedo to store marijuana at his business in Holland, Michigan. Acevedo provided them with a key to his building. (PSR ¶ 34). In January and May 2007, respectively, Acevedo rented storage units for a second and third shipment of marijuana. For the second shipment, Acevedo acted as a lookout while the marijuana was unloaded. (PSR ¶¶ 31-33, 35, 36). During the third shipment, Acevedo arranged hotel accommodations for his out-of-town co-conspirators. (PSR ¶ 36).

On June 13, 2007, the Grand Jury for the Western District of Michigan returned a one-count indictment charging Acevedo, Cornejo, Rubalcava and Reyna with conspiring to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). (R.O.A. 28). On September 13, 2007, the Grand Jury returned a single-count superseding indictment against Acevedo and Rubalcava and added another conspirator, Fernando Garcia, Jr., as a defendant. (R.O.A. 30). Acevedo pled guilty to the Superseding Indictment on September 28, 2007. (Plea Transcript 23).

For sentencing purposes, the Presentence Investigation Report (hereinafter "PSR") indicated Acevedo was responsible for 1,695.44 kilograms of marijuana based on the estimated amounts of marijuana stored in Holland for all three shipments. (PSR ¶ 38). The PSR determined Acevedo's base offense level to be 29 and his criminal history category to be III and calculated his sentencing guideline range to be 108–135 months. (PSR ¶¶ 99).

On January 17, 2008, Acevedo filed a motion for a variance requesting the imposition of a sentence below the prescribed guideline range. (R.O.A. 32, 47). Acevedo sought a two-level reduction for "minor role," pursuant to United States Sentencing Guideline § 3B1.2(b) (hereinafter

"U.S.S.G."), and a downward departure under U.S.S.G. § 4A1.3(b)(1).[1]  He argued his assigned

criminal history category overstated the severity of his criminal history.  (R.O.A. at 47).

At the January 22, 2008 sentencing, the district court granted in part and denied in part

Acevedo's motion.  While the district court agreed that Acevedo's assigned criminal history score

overstated his actual criminal history, it was unpersuaded by Acevedo's claim that he played a

"minor role" in the conspiracy.  (Sentencing Transcript 15-16).  Accordingly, the district court

sentenced Acevedo to 97 months in prison, 4 years of supervised release, and a $100.00 special

assessment.  (R.O.A. 48).

Acevedo now appeals.

II.

We first review whether the district court clearly erred in denying Acevedo's request for a

two-point reduction in his offense level under U.S.S.G. §3B1.2(b) for being a "minor participant"

in the offense.[2]

"We review a district court's denial of a mitigating role adjustment to a defendant's offense

level for clear error."  *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001).  Moreover, the

defendant "bears the burden of proving a mitigating role in the offense by a preponderance of the

evidence."  *Id.* at 458.

---

[1]The November 1, 2007 Guidelines Manuel is being used in this action.

[2]We note that the first issue for review was set forth in Acevedo's brief filed by his appellate counsel.  The remaining issues are set forth in Acevedo's *pro se* informal brief.  The *pro se* brief sets forth five assignments of error, which present overlapping issues.  As such, the issues have been streamlined into three issues for review.  The Court has considered both briefs filed on behalf of, or by, Acevedo.

U.S.S.G. § 3B1.2 states, in relevant part:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> * * *
>
> (b)      If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> * * *

Additionally, Application Note 3(A) provides the following guidance:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity, is not precluded from consideration for an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.

U.S.S.G. § 3B1.2, cmt. n. 3(A). Moreover, Application Note 5 offers direction with respect to which participants are entitled to a minor role reduction. "Subsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n. 5.

"A defendant who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence." *Salgado*, 250 F.3d at 458. "In determining whether to award the defendant a reduction for a mitigating role in the offense, the district court must consider the portion of the relevant conduct of the conspiracy that was attributable

to the defendant for purposes of determining his base offense level." *Id*. "A defendant whose participation is indispensable to the carrying out of the plan is not entitled to a role reduction." *United States v. Latouf*, 132 F.3d 330, 332 (6th Cir. 1997).

The district court did not clearly err in determining Acevedo did not qualify as a minor participant. The facts admitted by Acevedo reveal his role was indispensable to the success of the drug trafficking scheme. He was the only conspirator who resided in Holland, Michigan and was best-positioned to procure facilities for temporarily storing the marijuana. For the first shipment, Acevedo provided permission to use, and access to, his business. (PSR ¶ 34). For the second and third shipments, Acevedo arranged for the rental of, and provided the keys to, storage facilities. (PSR ¶¶ 35-6). Additionally, Acevedo arranged hotel accommodations for his out-of-town co-conspirators, which facilitated the third shipment of marijuana. (PSR ¶ 36). Furthermore, Acevedo was present when the second and third shipments arrived and acted as a lookout while the second shipment was unloaded. (PSR ¶¶ 31, 35-36). Without Acevedo facilitating storage of nearly two tons of marijuana from Texas, executing the drug trafficking scheme would not have been possible.

Additionally, the district court did not err in concluding Acevedo knew the size of the marijuana shipments. He knew what size storage facilities to rent to accommodate the second and third marijuana shipments. Further, Acevedo was present while the second shipment was unloaded. As such, Acevedo had an understanding of the amount of marijuana being stored. Therefore, the record supports the district court's conclusion Acevedo knew the size of the marijuana shipments.

Acevedo raises three other issues on appeal. Because he failed to raise any specific objections with respect to any of them, we review these for plain error. *United States v. Bailey*, 488 F.3d 363, 367-68 (6th Cir. 2007). For this Court to find plain error, Acevedo must demonstrate: (1) an error, (2) that is obvious or clear, (3) that affected defendant's substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Bostic*, 371 F.3d 865, 874-6 (6th Cir. 2004).

Acevedo argues the district court erred when calculating the quantity of marijuana for which he was responsible. Specifically, he argues that the district court improperly held him responsible for two shipments made in July and August 2007. Contrary to Acevedo's argument, however, the district court did not consider quantities of marijuana contained in any shipments made in July and August 2007. The record is devoid of any mention of marijuana shipments in July or August 2007, or any statements which hold Acevedo accountable for them. Instead, the only mention of July and August 2007 is in the PSR, which refers to proffer statements given by Acevedo's co-conspirator in July and August 2007. That reference was thus to the time frame in which Acevedo's co-conspirator made his proffer statement; the marijuana shipments actually occurred from December 2006 to May 2007. The district court did not commit plain error in calculating the amount of marijuana for which Acevedo was responsible.

Acevedo next argues that the district court erred when sentencing Acevedo using a higher base offense level than the level assigned to one of the co-conspirators. We conclude the district court did not commit plain error in the determination of Acevedo's base offense level. Acevedo's admission to being involved in the three shipments supports the district court's determination of the

base offense level. U.S.S.G. § 1B1.3 holds a defendant accountable for, *inter alia*, all acts aided and

abetted by a defendant which occurred during the commission of the offense.  The illustration in

Application Note 2(a)(1) is applicable to the facts at bar:

> Defendant A is one of ten persons hired by Defendant B to off-load a ship containing
> marihuana.  The off-loading of the ship is interrupted by law enforcement officers
> and one ton of marihuana is seized (the amount on the ship as well as the amount off-
> loaded).  Defendant A . . . is arrested and convicted of importation of marihuana.
> Regardless of the number of bales he personally unloaded, Defendant A is
> accountable for the entire one-ton quantity of marihuana.

U.S.S.G. § 1B1.3, cmt. n. 2.  The district court therefore correctly determined Acevedo's base

offense level by attributing to him the total amount of marijuana from the three shipments for which

he was personally involved.

Moreover, the record demonstrates the lesser amount of marijuana attributed to Acevedo's

co-conspirator was calculated in accord with his substantial assistance to the Government.

Specifically, through the co-conspirator, the Government learned of the first and second shipments

of marijuana.  Therefore, the co-conspirator's plea agreement provided that the first and second

shipments of marijuana would not be considered in determining his base offense level. *See* U.S.S.G.

§1B1.8  This provision accounts for the difference in the amount of marijuana for which Acevedo

and the co-conspirator were held responsible.

Finally, Acevedo argues the district court plainly erred in computing his criminal history

category by counting an uncounseled misdemeanor conviction.  But, because the district court

granted Acevedo's motion for variance and scored him a criminal history category II rather than a

No. 08-1175
*United States v. Acevedo*

III, Acevedo acknowledges that this would only become an issue were this matter remanded for

resentencing.  Because no remand is necessary, this issue is moot.

III.

We affirm.