**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0307n.06

No. 12-3648

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Mar 27, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| ANGELA FIELDS, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

Before:  **DAUGHTREY, MOORE, and STRANCH, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  Angela Fields appeals her sentence of five years of probation.  The crux of her argument is that the district court committed plain error when it failed to consider a section of the Guidelines that Fields concedes is inapplicable to her case.  We disagree, and we **AFFIRM** the judgment of the district court.

## I.  FACTS AND PROCEDURAL HISTORY

Fields created $940.00 in obviously counterfeit bills while staying in her uncle's home. R. 48 (Plea Tr. at 16–17) (Page ID #154–55).  Her uncle reported her to the Secret Service; she confessed immediately upon being confronted by authorities.  *Id.*  Fields pleaded guilty to one count of counterfeiting in violation of 18 U.S.C. § 471. R. 25 (Plea Agreement) (Page ID #84–87).  In the plea agreement, the government promised to support a two-level reduction for acceptance of responsibility; this left Fields with an offense level calculation of seven and a criminal history

category of IV, corresponding to a recommended Guidelines range of eight-to-fourteen months of imprisonment. The plea agreement stated that probation with some home confinement would be an appropriate sentence.

The district court accepted the Guidelines calculation anticipated by the plea agreement. However, Fields had been arrested for two new, distinct crimes since entering the agreement. The district court took these into consideration when sentencing her to the maximum term of probation—five years, under U.S.S.G. § 5B1.2(a)(1)—with one of those years to be served under home confinement. R. 49 (Sent. Hr'g Tr. at 10) (Page ID #169). Fields appeals the sentence.

## II. STANDARD OF REVIEW

Because Fields did not object at sentencing, we review for plain error. *United States v. Bailey*, 488 F.3d 363, 368 (6th Cir.), *cert. denied*, 552 U.S. 999 (2007). Plain error requires (1) an "error or defect," (2) that is "clear or obvious," and (3) that "affect[s] the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 732–34 (1993)). If so, we may remedy it at our discretion, "which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *Olano*, 507 U.S. at 736).

We review a sentence for procedural reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Reversal is merited where there is a significant procedural error in sentencing, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

## III. ANALYSIS

Fields argues that the district court procedurally erred by sentencing her without considering the Guidelines.[1] In particular, she argues that the district court did not consider U.S.S.G. § 5B1.2, which addresses probation.[2] The district court stated that, because it was "very concerned with the two additional charges that plaintiff has incurred since her arrest," it believed "the maximum term of probation with home confinement" was appropriate. R. 49 (Sent. Hr'g Tr. at 10) (Page ID #169). This amounted to five years of probation. *Id*. at 17 (Page ID #176). Fields concedes that, given her offense level of seven, U.S.S.G. § 5B1.2(a)(1) allows up to five years of probation. The district court's identification of five years as "the maximum term of probation" was a clear reference to U.S.S.G. § 5B1.2(a)(1). Thus, Fields's claim that the district court failed to consider U.S.S.G. § 5B1.2 is unavailing.

Fields asserts that an offense level of six would have precluded her from receiving probation longer than three years, and she argues that the district court erred in assigning her five years without

---

[1]Fields does not contest the year of home confinement; indeed, her attorney stated at sentencing that "a period of home confinement within that range [8 to 14 months] would certainly be acceptable." R. 49 (Sent. Hr'g Tr. at 9) (Page ID #168).

[2]Fields effectively concedes that the district court considered the § 3553(a) factors. Appellant Br. at 9.

considering this contention. First, Fields is factually incorrect—probation is capped at three years where the offense level is *five* or below, not six. U.S.S.G. § 5B1.2(a). Second, Fields does not argue that her offense level was improperly calculated—nor was it—and she offers no reason why her sentence should be calculated under a different offense level. In short, the district court did not err, much less plainly err, by not applying to Fields's case an inapplicable section of the Guidelines.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.