NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0540n.06

No. 18-6295

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 23, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| WILLIE BLACKBURN COMBS, | ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) ) ) | |

BEFORE: BOGGS, BATCHELDER, and DONALD, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Willie Combs pleaded guilty to possessing a firearm as a felon and now appeals his sentence of 108 months in prison. If not for a statutory-maximum penalty of 120 months, Combs's recommended sentence under the Sentencing Guidelines would have been 168 to 210 months. At his sentencing hearing, Combs requested a sentence of 84 months, while the government sought the statutory maximum of 120 months. The district court sentenced him to a below-Guidelines sentence of 108 months. Combs appeals his sentence on procedural and substantive grounds. For the following reasons, we AFFIRM.

**I.**

On May 22, 2017, police received a phone call that Combs was brandishing a firearm and threatening his father and another person at his father's home. Police arrived soon after, located the firearm, and found Combs hiding in a crawl space. Police arrested Combs, and he was later

indicted for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Combs had a lengthy criminal history that included seven prior felony convictions.

On May 29, 2018, Combs admitted to the facts of the case and pleaded guilty to possessing a firearm as a felon. After the government and Combs presented their arguments before the district court, the judge imposed a sentence of 108 months. Combs then appealed his sentence, arguing that the district court failed to consider all of the mitigating factors and gave too much weight to his criminal history.

**II.**

Combs first alleges that the district court committed a procedural error by failing to consider all of the mitigating factors. Combs now raises this objection for the first time after failing to do so before the district court at his sentencing hearing. "[W]hen the district court asks at sentencing whether there are any objections to the sentence and the appellant raises none, we review the sentence only for plain error." *United States v. Bailey*, 488 F.3d 363, 367 (6th Cir. 2007). To prevail under plain error, Combs must show "(1) error, (2) that is plain, and (3) that affect[s] substantial rights" and, if all three conditions are met, then he must show that "(4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Acosta*, 924 F.3d 288, 299 (6th Cir. 2019) (citing *Johnson v. United States*, 520 U.S. 461, 467 (1997)) (alterations in original) (internal quotation marks omitted).

Combs alleges that the "court failed to adequately consider [his] mitigating factors," such as the fact that Combs has "some advanced education, a significant job history, and employable skills," and that he "voluntarily engaged in treatment" for substance abuse. However, as Combs recognizes, at sentencing the court "referenced these facts" explicitly. The court discussed that Combs has received "some education and [has] shown an aptitude to pursue education and get an education." It recognized Combs has "some work history" and also acknowledged Combs had

"been through the RDAP program once" before. The court credited Combs for choosing "to accept responsibility for [his] criminal actions." The court then balanced these mitigating factors with other aggravating factors—such as Combs's lengthy criminal history and the violent nature of the circumstances of this most recent incident—to impose a sentence that reflected the seriousness of the crime, while still falling beneath the recommended sentence and the statutory maximum urged by the government. Not only did the court not commit a plain error, it did not err at all, as it expressly addressed every mitigating factor Combs contends it ought to have considered.

## III.

Next, Combs argues that the district court's sentence was substantively unreasonable because the court gave "too much weight" to Combs's criminal history. "The question of whether a sentence is reasonable is determined using the abuse-of-discretion standard of review." *United States v. Webb*, 616 F.3d 605, 609 (6th Cir. 2010) (citation omitted). "The defendant shoulders the burden of showing substantive unreasonableness." *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011). "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (internal quotation marks omitted). However, as this court has repeatedly held, "it is not our job to second-guess the district court's reasonable balancing of the factors." *United States v. Martin*, 751 F. App'x 873, 875 (6th Cir. 2018) (citing *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008)).

In this case, there is nothing in the record to suggest the district court abused its discretion. The district court first considered the aggravating factors in Combs's case, including the violent nature of the incident that led to Combs's arrest and his continuing struggles with substance abuse. The court then balanced those factors with some of the mitigating factors, such as Combs's

education, work history, efforts to seek treatment, and choice to accept responsibility. After weighing the aggravating and mitigating factors, the court imposed a 108-month sentence. Our careful review of the sentencing hearing transcript reveals that the court did not give an unreasonable weight to Combs's criminal history over any other factor and the sentence imposed was reasonable.

Notably, Combs benefitted not only from the statutory maximum's lowering the otherwise applicable Sentencing Guidelines range of 168 to 210 months; he benefitted a second time from the district court's imposition of a sentence below the effective Guideline range of 120 months. Combs's allegations that the district court abused its discretion by imposing a 108-month sentence is not supported by the record. Rather, the court exercised its discretion to Combs's benefit and in opposition to the government's position and the Guidelines recommendation. In this case, the district court properly considered the aggravating and mitigating factors in Combs's case at the sentencing hearing before imposing a reasonable sentence that clearly survives the abuse-of-discretion standard.

**IV.**

For the foregoing reasons, we AFFIRM Combs's sentence imposed by the district court.