NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0168n.06

Case No. 23-3600

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 17, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| DONNELL GOCHETT, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |
| | ) | |

BEFORE: COLE, CLAY, and THAPAR, Circuit Judges.

COLE, Circuit Judge. Donnell Gochett pleaded guilty to conspiring to possess with intent to distribute cocaine. The district court sentenced Gochett to 100 months' imprisonment, at the low end of the recommended range under the United States Sentencing Guidelines. Gochett appeals his sentence, arguing that the district court erred by refusing to grant a mitigating-role reduction to his offense level, and that his counsel was ineffective in plea bargaining. We affirm.

I.

In 2011, Donnell Gochett was convicted of drug offenses for running Earl King's street-level heroin operation while King was incarcerated. Gochett was released from prison in 2015 and from state post-release control in 2019.

This case stems from a drug operation that Gochett and King participated in years after. On June 18, 2021, King flew from Cleveland, Ohio to Texas. Homeland Security discovered $154,850 hidden within a computer tower in his checked bag. At 1:46 AM, shortly after King

arrived in Texas and by which time he would have realized his cash had been seized, Gochett texted him, "What up, bro. Everything cool? Hit me back." (Sentencing Hr'g Tr., R. 62, PageID 320, 339.) Days later, King responded with a photo of paperwork indicating that he had violated the terms of his parole by leaving Ohio.

King had exchanged text messages about drug trafficking with Dionicio Galindo-Salinas, Curtis Anderson, and Gochett. The messages revealed that Galindo-Salinas delivered cocaine to King and Anderson in Mexico and Texas in exchange for cash. King and Anderson then shipped the cocaine to Cleveland addresses, at least one of which was provided by Gochett, 1745 Catalpa Road. Gochett gave addresses to King as early as March 2020. According to UPS records, 12 packages were shipped from Brownsville to two Cleveland addresses between November 2020 and June 2021. Eight of those packages were shipped to the Catalpa Road address between April 2021 and June 2021. On June 22, 2021, a final package was sent to Catalpa Road via UPS, but the label lacked a street number. UPS marked the package undeliverable and turned it over to law enforcement. The package contained 10.977 kilograms of cocaine, which, like King's cash, was hidden in a computer tower. In text messages, Gochett, Anderson, and King discussed that the package was not addressed properly and that it had been seized.

On July 14, 2022, Gochett was charged with conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Gochett's trial counsel was appointed on October 17, 2022. The district court granted multiple continuances at Gochett's request, moving his final pretrial hearing to March 28, 2023. At that hearing, the prosecutor indicated that the parties "have had discussions" and were close to a resolution. (March 28, 2023 Pretrial Hr'g Tr., R. 61, PageID 298.) Gochett's counsel agreed and also stated that he had "had many discussions with Mr. Gochett." (*Id*. at PageID 298–300.) The district court allowed Gochett

another week to continue plea negotiations, setting a new final pretrial hearing for April 5, 2023.

By the April hearing, the parties still had not finalized the plea agreement. The district court granted Gochett a two-hour recess to make a final decision as to whether to accept the plea agreement. Gochett and his counsel returned an hour before the end of the recess and accepted the plea agreement. Gochett and his counsel "went through [the plea agreement] page by page, paragraph by paragraph . . . [and] both signed it." (April 5, 2023 Pretrial Hr'g Tr., R. 58, PageID 276.) Gochett's counsel said, "I had obviously discussed [the plea agreement] previously with my client." (*Id.*) Under oath, Gochett confirmed that he had discussed the charges against him and "all matters pertaining to [his] case" with his counsel and that he had "fully read and review[ed]" the plea agreement with counsel before he signed it. (*Id.* at PageID 278–79.)

At sentencing, Gochett argued for a minor or minimal mitigating-role reduction to his Guidelines offense level. The presentence investigation report recommended a two-level minor role reduction, but not a four-level minimal-role reduction. The district court declined to apply either reduction, setting the offense level at 27, which did reflect a three-level reduction for Gochett's acceptance of responsibility. The court sentenced Gochett to 100 months' imprisonment—at the bottom of the Guidelines range of 100 to 125 months. Gochett brought this timely appeal.

## II.

## A.

Gochett argues that he was a minimal or minor participant in the criminal activity because he "received nothing of value for providing a shipping address, which was the extent of his involvement." (Appellant Br. 25.) Gochett contends that the district court should have granted him a four-level or two-level mitigating-role reduction under § 3B1.2 of the Guidelines.

We review a denial of a mitigating-role reduction for clear error. *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). The district court's view is permissible if it "is plausible in light of the record viewed in its entirety." *Id.* Gochett bore the burden of proving that he was entitled to a reduction by a preponderance of the evidence. *United States v. Bailey*, 488 F.3d 363, 369 (6th Cir. 2007).

A minimal participant is "plainly among the least culpable of those involved," and a minor participant is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. nn.4–5. The defendant must be "substantially less culpable than the average participant in the criminal activity" to qualify for even the minor participant reduction. *Id.* cmt. n.3(A). "The salient issue is the role the defendant played in relation to the activity for which the court held him or her accountable." *United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998). Lastly, even if a defendant was a minimal or minor participant in the broader conspiracy, he is not entitled to a mitigating role reduction if he is held accountable only for the drugs attributable to him. *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002).

Here, the district court's account of the evidence is plausible. Under the district court's view, Gochett sat at one end of the drug chain. King transported cash from Cleveland to Texas. Galindo-Salinas delivered drugs to King and Anderson in Texas. King and Anderson then shipped the drugs to the address provided by Gochett in Cleveland. While King was flying to Texas, investigators searched his checked bag, finding more than $150,000 in cash. That night, at 1:46 AM, Gochett checked in on King, suggesting that he knew King should have arrived in Texas with

the money. Then, law enforcement intercepted a drug package before it could be delivered to the address Gochett provided. That package contained nearly 11 kilograms of cocaine.

In the months immediately preceding the interception, at least eight other packages were shipped from Brownsville to the address that Gochett provided, but Gochett gave "no explanation that they were not cocaine." (PSR, R. 48, PageID 214; Sentencing Hr'g Tr., R. 62, PageID 313.) Additionally, ten years before, King and Gochett had worked together in a different drug conspiracy that led to Gochett's prior convictions. The district court could infer that Gochett knew that King was shipping drugs to Cleveland and that Gochett would have received and distributed those drugs had law enforcement not intercepted the package.

In light of Gochett's communications with King, the number of packages shipped to Gochett, and Gochett and King's prior history, the district court plausibly inferred that Gochett had a panoramic understanding of the conspiracy and that Gochett intended to help distribute the shipment. If true, this would make Gochett a critical link in the drug-trafficking scheme, not a minor participant. Accordingly, the district court did not clearly err when it denied a mitigating-role reduction.

## B.

Gochett next argues that his counsel was ineffective in negotiating and explaining his plea agreement. As a general rule, we do not review ineffective assistance of counsel claims on direct appeal unless the record has been adequately developed to assess the merits of the claim. *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). A motion under 28 U.S.C. § 2255 is the "preferred mode" for raising such a claim because a § 2255 motion puts the claim first before the district court, "the forum best suited to developing the facts necessary to determining the adequacy of representation." *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

At the March 28, 2023 pretrial hearing, Gochett's counsel agreed with the prosecutor's statement that the parties "have had discussions" and were close to a resolution. (March 28, 2023 Pretrial Hr'g Tr., R. 61, PageID 298–300.) At that hearing, Gochett's counsel also indicated that he had "had many discussions with Mr. Gochett." (*Id*. at PageID 300.) At the April 5, 2023 hearing, Gochett's counsel said, "I had obviously discussed [the plea agreement] previously with my client." (April 5, 2023 Pretrial Hr'g Tr., R. 58, PageID 276.) During the recess of the April hearing, Gochett and his trial counsel went over the plea deal "page by page, paragraph by paragraph." (April 5, 2023 Pretrial Hr'g Tr., R. 58, PageID 276.). The record does not include the content of the discussions between the prosecution and defense or of private attorney-client discussions.

Without evidence of the content of these conversations, we cannot determine whether Gochett's counsel effectively negotiated the plea agreement or meaningfully explained its terms. This claim is better suited for a § 2255 motion, so we decline to review the merits on direct appeal.

III.

For the foregoing reasons, we affirm.