[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10554
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

D.C. Docket No. 4:05-cr-10005-KMM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YUDIESKY MACHADO-GONZALEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Yudiesky Machado-Gonzalez appeals his 10-month sentence, which was imposed after the revocation of his supervised release. He argues that the district court committed procedural error by failing to consider the 18 U.S.C. § 3553(a) sentencing factors when imposing his sentence. For the reasons set forth below, we affirm.

## I.

In 2005, Machado-Gonzalez pled guilty to conspiracy to commit alien smuggling, in violation of 18 U.S.C. § 371. Initially, he was permitted to remain free on bond until sentencing, but his bond was revoked when he was arrested, on June 22, 2005, for attempting to smuggle 33 Cuban immigrants into the United States. Machado-Gonzalez was sentenced to 12 months' imprisonment, followed by 1 year of supervised release, for the alien smuggling offense.

Based on his bond violation in the alien smuggling case, Machado-Gonzalez was charged in a separate indictment with contempt, in violation of 18 U.S.C. § 401(3). He pled guilty to this offense and was sentenced to 24 months' imprisonment, followed by 3 years of supervised release. The court ordered that this sentence be served consecutively with Machado-Gonzalez's 12-month sentence in the alien smuggling case.

Machado-Gonzalez began serving his terms of supervised release on November 19, 2007. In March 2008, Machado-Gonzalez's probation officer petitioned the court to revoke Machado-Gonzalez's supervised release in the contempt case, because, on February 15, 2008, Machado-Gonzalez traveled five nautical miles southwest of Cay Sal Bank, Bahamas without seeking the permission of his probation officer or the court. The district court revoked Machado-Gonzalez's supervised release and sentenced him to 60 months' imprisonment with no supervised release to follow.

On February 27, 2009, Machado-Gonzalez was charged with failing to heave to a law enforcement officer's vessel, in violation of Title 18 U.S.C. §§ 2237(a)(1) and 2. This charge arose from the February 15, 2008, incident that resulted in the revocation of supervised release in Machado-Gonzalez's contempt case. Machado-Gonzalez pled guilty to failure to heave and the district court sentenced him to 27 months' imprisonment, to run concurrently with the 60-month sentence he was serving in the contempt case.

Based on Machado-Gonzalez's conviction in the failure to heave case, the probation office filed a petition to revoke the one-year term of supervised release imposed in the 2005 alien smuggling case. At Machado-Gonzalez's revocation hearing, the court noted that Machado-Gonzalez was subject to a guideline

3

imprisonment range of four to ten months. Machado-Gonzalez noted that he still had to serve a significant portion of his 60-month contempt sentence and asked the court to run any additional term of imprisonment concurrently with the sentence he was already serving. He also asked the court to impose an additional term of supervised release rather than ordering additional incarceration. The court stated that it had "carefully considered the statements of all parties and the information contained in the violation report" and sentenced Machado-Gonzalez to ten months' imprisonment, to run consecutively to the sentences imposed in the contempt and failure to heave cases. Machado-Gonzalez objected to "the reasonableness of th[e] sentence in light of the other sentences which [he was] already serving."

## II.

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). However, where a defendant fails to object to a sentencing error before the district court, we review for plain error. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). To establish plain error, a defendant must show that there was an "(1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise [our] discretion to

4

notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). "An error is plain if it is obvious and clear under current law." *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006). "An error that affects substantial rights is one that affected the outcome of the district court proceedings." *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005) (quotations omitted).

"The purpose of the plain error rule is to enforce the requirement that parties object to errors at trial in a timely manner so as to provide the trial judge an opportunity to avoid or correct any error, and thus avoid the costs of reversal." *United States v. Sorondo*, 845 F.2d 945, 948-49 (11th Cir. 1988). Although we have not yet done so, the First, Third, Sixth, Ninth, and Tenth Circuits have applied plain error review to procedural reasonableness claims raised for the first time on appeal. *See, e.g., United States v. Gilman*, 478 F.3d 440, 447 (1st Cir. 2007) (applying plain error to defendant's argument, raised for the first time on appeal, that the district court failed to adequately explain the reasoning behind its sentence); *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006) (reviewing for plain error the defendant's unpreserved argument "that the District Court failed to give a sufficient statement of reasons under 18 U.S.C. § 3553(c) for its

imposition of sentence"); *United States v. Bailey*, 488 F.3d 363, 367-69 (6th Cir. 2007) (applying plain error review to a defendant's procedural reasonableness challenge, raised for the first time on appeal, but traditional reasonableness review to a substantive reasonableness challenge made for the first time on appeal); *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006) (applying plain error review where the defendant "did not object [at sentencing] on the ground that the district court did not sufficiently address and apply the factors listed in § 3553(a)"); *United States v. Mancera-Perez*, 505 F.3d 1054, 1058 (11th Cir. 2007) (holding that plain error review applies to a defendant's challenge of the method by which his sentence was determined, but not to a defendant's claim that his sentence is unreasonably long).

When revoking a defendant's term of supervised release, 18 U.S.C. § 3583(e) instructs courts to consider certain 18 U.S.C. § 3553(a) sentencing factors in determining an appropriate sentence. *See* 18 U.S.C. § 3583(e). Specifically, sentencing courts must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for deterrence, (3) the need to protect the public, (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment, (5) the kinds of sentences available and the applicable sentencing range,

(6) any pertinent policy statements, (7) the need to avoid unwarranted sentencing disparities, and (8) the need to provide restitution to any victims. *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

A sentence may be procedurally unreasonable if the sentencing court fails to consider the factors set forth in 18 U.S.C. § 3553(a), or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* at 1329-30; *see United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding that the defendant's sentence was procedurally reasonable, even though the district court failed to expressly state that it had considered the § 3553(a) factors, because the record showed that the court considered the defendant's objections, motion for a departure, and the presentence investigation report ("PSI"), all of which implicated several of the § 3553(a) factors).

### III.

At the conclusion of his sentencing proceeding, Machado-Gonzalez objected that his sentence was substantively unreasonable "in light of the other

sentences which [he was] already serving." He failed to object to the procedure the district court used in imposing the sentence, and he did not mention the § 3553(a) factors or the court's failure to consider them. Thus, Machado-Gonzalez failed to preserve his objection to the procedural reasonableness of his sentence. In light of the purpose of the plain error rule and the substantial number of persuasive cases applying plain error review to unpreserved claims of procedural error, we review Machado-Gonzalez's unpreserved procedural reasonableness argument under the plain error standard of review. *See Sorondo*, 845 F.2d at 948-49; *Gilman*, 478 F.3d at 447; *Parker*, 462 F.3d at 278; *Bailey*, 488 F.3d at 367-69.

Machado-Gonzalez satisfies the first two elements of the plain error standard. Although the district court stated that its decision to revoke Machado-Gonzalez's supervised release was based on its consideration of the parties' arguments and the information contained in the violation report, the violation report is not included in the record and the government admits that Machado-Gonzalez's sentencing arguments were unrelated to the § 3553(a) factors. Thus, the record fails to show that the district court considered the § 3553(a) factors by reviewing the violation report and the parties' arguments. *Cf. Dorman*, 488 F.3d at 944 (district court's consideration of PSI and defendant's

objections and motion for departure indicated consideration of § 3553(a) factors, because PSI, objections, and motion all discussed § 3553(a) factors).  The district court also never explicitly stated that it had considered the § 3553(a) factors or offered any explanation for the sentence it imposed.  Because current case law requires the court to consider the § 3553(a) factors when revoking supervised release and imposing a term of imprisonment, the district court committed error that was plain in failing to consider these factors.  *See Eckhardt*, 466 F.3d at 948; 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

However, Machado-Gonzalez fails to meet the third element of the plain error standard, because he fails to allege or present any evidence indicating that he would have received a different sentence if the district court had considered the § 3553(a) factors.  *See Turner*, 474 F.3d at 1276; *Henderson*, 409 F.3d at 1308. Machado-Gonzalez does not explain which, if any, § 3553(a) sentencing factor would have compelled the court to impose a lesser sentence, and he cites nothing in the sentencing transcript indicating that the court would have imposed a lesser sentence if it had considered the § 3553(a) sentencing factors.  Under the plain error standard of review, the burden of showing a violation of substantial rights rests on the defendant.  *See Turner*, 474 F.3d at 1276.  Here, Machado-Gonzalez has failed to satisfy this burden.  Accordingly, we affirm his 10-month sentence.

**AFFIRMED**.