NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0592n.06

No. 09-4356

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 22, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Northern |
| JEROME R. McCASTER, | ) | District of Ohio |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, GILMAN, and COOK, Circuit Judges.

PER CURIAM. Jerome McCaster appeals his conviction of possession with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), as well as his sentence. He challenges his conviction by arguing that evidence procured through a vehicle search conducted after police officers allegedly smelled marijuana in his car should have been suppressed because the government presented no evidence that the officers were trained to detect the odor of marijuana. With respect to his sentence, he argues that the district court failed to recognize its authority under *United States v. Booker*, 543 U.S. 220 (2005), to vary from the advisory United States Sentencing Guidelines ("USSG") range. Finally, he argues that his counsel was ineffective for failing to argue for a variance from the Guidelines range.

No. 09-4356
*United States v. Jerome McCaster*

We affirm McCaster's conviction because the district court did not clearly err in determining that police officers had probable cause to search his vehicle. As to his sentence, although the district court made statements that—taken out of context—could be interpreted as suggesting the court lacked the authority to vary from the Guidelines sentencing range in the absence of a motion from the parties, a review of the record as a whole yields no evidence that the court actually treated the Guidelines as mandatory or presumptively correct. We defer McCaster's ineffective-assistance claim to a collateral proceeding.

I

On December 16, 2008, during a traffic stop, Cleveland Police Officers William Mazur and Jeff Yasenchack discovered a loaded handgun and plastic bags containing powder and crack cocaine in a cavity under the center console of McCaster's car. McCaster was indicted for possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). McCaster moved to suppress evidence seized and statements made to police during the stop, arguing that the officers lacked probable cause for the warrantless search of his vehicle.

During the suppression hearing, Officer Mazur testified that he stopped the car because it had "dark tinted windows and . . . no license plate illumination," in violation of Cleveland city ordinances. According to Mazur, when McCaster rolled down the driver-side window, Mazur smelled burnt marijuana. Officer Yasenchack also smelled marijuana from the passenger-side window. The officers ordered McCaster and his passenger out of the vehicle and detained them

while they searched the vehicle. They found a burnt cigar that appeared to be marijuana in the center console ashtray. Yasenchack then discovered the gun and drugs in a cavity under the center console cupholder. McCaster and his passenger were arrested and given *Miranda* warnings. McCaster voluntarily admitted that the drugs and gun were his.

McCaster's counsel argued to the district court that the government presented no "evidence to support or corroborate that there was any odor of marijuana in the car." Tests of the cigar were not produced, and McCaster was not cited for marijuana possession. The district court concluded that Officer Mazur's testimony was credible, and that the odor of burnt marijuana emanating from the vehicle gave the officers probable cause to search the vehicle, including the cavity where the gun and drugs were found. The court therefore denied the motion to suppress.

A jury convicted McCaster on all three counts on July 7, 2009. The Presentence Investigation Report ("PSR") calculated a criminal-history score of 13 and a criminal-history category of VI. Using the 100:1 crack-to-powder-cocaine ratio found in USSG §2D1.1, application note 10(E), and applying a two-level increase for the presence of the gun, the total offense level was 24. The resulting Guidelines sentencing range was 100–125 months.

McCaster filed a "Motion Pursuant to 18 U.S.C. Sec. 3553(a) to Impose a 1:1 Crack Cocaine to Powder Ratio for Base Offense Level." Citing the example of the district court in *United States v. Gully*, 619 F. Supp. 2d 633 (N.D. Iowa 2009), which elected to vary categorically from the crack-cocaine Guidelines, his counsel argued that the court should apply a 1:1 ratio of crack to powder cocaine, in lieu of the 1:100 ratio used in the PSR. The former would result in a Guidelines range of 46–57 months. During the sentencing hearing, counsel also pointed out that the court could use

a 20:1 ratio. The court denied the motion, citing McCaster's "repeated commitment to the sale of drugs, including crack cocaine." The court stated, "I might under other circumstances give further thought to the ratio, but this is not the case in my mind."

Before pronouncing sentence, the district court stated: "So I've got from 100 to 125 months of discretion, unless there's a motion for either departure or variance." Neither the government nor McCaster's counsel made a motion. The court later stated: "I will listen to the defendant. I've got 25 months of discretion here and so, Mr. McCaster, you may come to the podium, and if you have anything you wish to say, I would be more than willing to listen to it." McCaster argued to the court that "the one to one [ratio] applies because . . . the head attorney general, Eric Holder, and President Obama, [said] the drugs are the same." He also asked the court for a variance and told the court, "I know that the [G]uidelines are advisory since 2005 since *Booker*." After McCaster's allocution, the court sentenced him to 100 months of imprisonment on each count, with all counts to run concurrently, to be followed by six years of supervised release. The court stated, "Now, arguably, [it] should be higher. That's the lowest I can go on the [G]uidelines, but I am going to make it 100, not the 125 months or somewhere in between."

In a memorandum filed after sentencing, the court detailed McCaster's history, concluding:

> This defendant has a lengthy criminal record involving the sale of drugs. The conviction for which he is to be sentenced involves possession with the intent to distribute both crack cocaine and cocaine, plus possession of a firearm and ammunition. It is apparent that the previous sentences imposed upon the defendant have failed to persuade him to find another way to earn money and support the three children whom he has fathered. Against the background as previously set forth herein, the Court finds that a sentence of 100 months is necessary to reflect the seriousness of the offenses, to promote respect for the law and provide just punishment for the offense.

The court did not mention its discretion to vary below the Guidelines range, but the memorandum called the Guidelines "advisory." The court added in a footnote that it had rejected the defendant's motion for a categorical variance because "the offense level, calculated at 24, is appropriate against the background of the defendant's repeated commitment to the sale of drugs."

II

A. The Motion to Suppress

McCaster appeals the district court's denial of his motion to suppress evidence resulting from the search of his vehicle, contending that Officers Mazur and Yasenchack lacked probable cause for the search. We review the district court's factual findings on a suppression motion for clear error and its legal conclusions de novo. *United States v. Gross*, 550 F.3d 578, 582 (6th Cir. 2008). Reversal of a district court's credibility determination requires a "definite and firm conviction" that the trial court committed a mistake. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Moreover, to the extent that McCaster presents different arguments on appeal than he argued below in his motion to suppress, he has waived those issues. *United States v. Critton*, 43 F.3d 1089, 1093–94 (6th Cir. 1995).

McCaster does not challenge the validity of the stop itself. He also acknowledges, citing *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993), that "it is firmly established in the Sixth Circuit that a marijuana odor emanating from a vehicle supplies probable cause to law enforcement officers to search the entire vehicle—even the trunk—and any containers within that vehicle which could be hiding marijuana." He contends, however, that "the Government failed to provide any

evidence that the Officers who conducted the search . . . had any experience or training in the detection of the odor of marijuana."

This particular argument was not presented to the district court in McCaster's motions to suppress. He argued to the district court that the vehicle search lacked probable cause, that there was no evidence that there was any marijuana in the car, and that Officer Mazur's testimony that he smelled marijuana was not credible. He did not specifically challenge the officers' qualifications to identify the smell. McCaster has therefore waived this issue.

Regardless, the district court did not clearly err in determining that the officers detected the smell of marijuana in the car. Officer Mazur testified during the suppression hearing that he smelled marijuana, and McCaster has offered no evidence to suggest that Mazur's testimony was false. The court found Mazur credible, and we defer to its credibility assessments. *See United States v. Smith*, 594 F.3d 530, 535 (6th Cir. 2010). We further note that this circuit has never required an officer claiming to have smelled burnt marijuana—a common and distinctive odor—to show he had particular training and experience in detecting marijuana. *Cf. United States v. DeLeon*, 979 F.2d 761, 765 (9th Cir. 1992) ("[A] warrant cannot be based on the claim of an untrained or inexperienced person to have smelled growing plants which have no commonly recognized odor."). What is more, Officer Mazur testified that he had ten years of experience in the Cleveland Police Department. As an officer in the Community Services Unit, he explained, he dealt with "[q]uite a bit of drug activity."

As McCaster concedes, if the odor of marijuana emanated from his vehicle, the officers had probable cause for a warrantless search. *See United States v. Foster*, 376 F.3d 577, 588 (6th Cir.

2004); *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002) (citing *Garza*, 10 F.3d at 1246).

We affirm the denial of McCaster's motion to suppress evidence resulting from that search.

## B. The *Booker* Claim

McCaster's second claim is that the district court failed to recognize its authority to vary from the advisory Guidelines range, believing itself bound by the Guidelines range unless a party moved for a variance. This, he argues, violated *Booker*, which made it clear that the Guidelines are advisory—whether a party moves for a variance or not. McCaster concedes that his trial counsel raised no objection to the alleged *Booker* violation when given the opportunity to do so during sentencing. We therefore review the district court's sentencing decision for plain error. *United States v. Phillips*, 516 F.3d 479, 486–87 (6th Cir. 2008). McCaster must show an "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks and citation omitted).

Where a district court sentences a defendant as if the Guidelines were mandatory, this court has found plain error, presumed that the defendant's substantial rights were affected, and concluded that sentencing a defendant under a mandatory regime "affected the fairness, integrity or public reputation of the judicial proceedings." *See, e.g.*, *United States v. Barnett*, 398 F.3d 516, 526–30 (6th Cir. 2005). The Supreme Court has further explained that at the level of the sentencing court, there is no "legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551

U.S. 338, 351 (2007) (citing *Booker*, 543 U.S. at 259–60). Thus, a district court must recognize that it is free to impose a non-Guidelines sentence even if the parties fail to argue for one.

Even so, a district court is not required to explicitly state on the record that the Guidelines are advisory. *United States v. Bailey*, 488 F.3d 363, 367 (6th Cir. 2007). Rather, "[t]he key is whether the district court demonstrates, though its application of the Guidelines, that it recognizes that the Guidelines are advisory." *Id.* at 367. This court will remand for resentencing only if a defendant is able to "marshal evidence in support of the position that the district court actually failed to apply the Guidelines as advisory." *Ibid.*; *see also United States v. Fitzmorris*, 2011 WL 1682891, at *7 (6th Cir. May 5, 2011) (finding that nothing in the sentencing transcript "hints that the district court considered the career-offender Guidelines to be mandatory").

In this case, the district court made several statements suggesting that its discretion to choose a sentence was constrained. The court stated, "I've got from 100 to 125 months of discretion, unless there's a motion for either departure or variance," "I've got 25 months of discretion here," and "That's the lowest I can go on the [G]uidelines." These statements indicate that, even if the court recognized the Guidelines were advisory, it might have presumed them to be correct in the absence of contrary arguments from the parties. That is not what *Booker* requires. *See Rita*, 551 U.S. at 351; *see also Nelson v. United States*, 555 U.S. 350, 129 S. Ct. 890, 892 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable.").

Despite these statements, a review of the record as a whole demonstrates that the district court did not actually fail to apply the Guidelines as advisory. First, the record is replete with references to the "advisory" nature of the Guidelines. The PSR stated that the Guidelines range was

advisory, as did the court's sentencing memorandum. Even the defendant noted the advisory nature of the Guidelines during his allocution. Other evidence also suggests that the court was aware of its discretion to vary from the Guidelines. McCaster requested that the court vary categorically from the Guidelines range by using a 1:1 crack-to-cocaine ratio. The court denied this request because of McCaster's extensive criminal history, but it acknowledged that it had the authority to vary categorically from the advisory range and suggested that it might consider such an argument in a future case. As the government argues, this shows that "the court was well aware of its option not to impose a Guidelines sentence" but considered a within-Guidelines sentence appropriate.

We must assess the district court's admittedly problematic statements about having "25 months of discretion" in light of its decision *not* to vary categorically from the Guidelines range. The court made these statements after it had explicitly determined that the Guidelines range was appropriate and that it would not vary from it by applying a different crack-to-cocaine ratio, which would have yielded a significantly lower Guidelines range. It then announced that it would exercise its discretion within the Guidelines range unless the parties offered "a motion for either departure or variance." In other words, it gave the parties a chance to make an argument as to why its independent decision to stay within the Guidelines range was incorrect. The parties offered none—McCaster's counsel stated that his "motion was just based on the ratio." Having deemed the Guidelines range appropriate, the court then told McCaster that it was "willing to listen" to his arguments to determine where within that 25-month range the sentence should fall. The district court's logic would have been clearer had it not used the words, "a motion," and had instead asked

the parties for any arguments they had for a sentence outside the Guidelines range, and alternatively for arguments for a sentence within the range. Regardless, that is in effect exactly what the court did.

Other aspects of the record also suggest that the court was aware of its discretion. The court justified McCaster's sentence by explaining why a lengthy sentence was warranted, noting that "the previous sentences imposed upon the defendant have failed to persuade him to find another way to earn money." But it then imposed a sentence of 100 months—the low end of the Guidelines range. The fact that the court explained the rationale for imposing a harsh punishment, but then chose the lowest possible within-Guidelines sentence, suggests that the court recognized that a *less* severe sentence was on the table, but rejected that option because "[t]he defendant [was] a major recidivist." Finally, the court's stated rationale for McCaster's sentence demonstrates that the court believed the 100-month sentence was warranted. The court detailed the relevant § 3553(a) factors in its sentencing memorandum, emphasizing McCaster's lengthy criminal record. It also declared that the application of the 1:1 crack-to-cocaine ratio—which would have yielded a significantly lower Guidelines range—was inappropriate in this case.

We cannot conclude, based on this record, that the district court committed plain error by treating the sentencing Guidelines as mandatory or presumptively correct.

## C. Ineffective Assistance of Counsel

McCaster's final claim is that his trial counsel was ineffective for "failing to move for a variance" from the advisory sentencing Guidelines. We decline to address the ineffective-assistance claim, deferring it instead to a collateral proceeding. This court "generally will not review an

ineffective assistance of counsel claim on direct appeal, as such claims are more appropriately raised in a post-conviction motion under 42 U.S.C. § 2255 when an adequate record may be developed on the issue." *United States v. McCarty*, 628 F.3d 284, 295 (6th Cir. 2010) (quoting *United States v. Long*, 190 F.3d 471, 478 (6th Cir. 1999)).

### III

McCaster's conviction and sentence are AFFIRMED.

**RONALD LEE GILMAN, concurring.** The words that the district court used in pronouncing McCaster's sentence, specifically its statements that "I've got from 100 to 125 months of discretion, unless there's a motion for either departure or variance," "I've got 25 months of discretion here," and "That's the lowest I can go in the guidelines" would, in isolation, be clear grounds for resentencing. *See United States v. Mooneyham*, 473 F.3d 280, 295 (6th Cir. 2007) ("We have recognized, in the wake of *Booker*, that a sentence imposed under mandatory guidelines, . . . constitutes plain error where it affects substantial rights by prejudicing the defendant." (internal quotation marks omitted)). I join the lead opinion, however, because the record as whole shows that the court recognized that the Guidelines were advisory. But I hope that in the future district courts will refrain from making similar statements to avoid confusion on appeal about whether the court understood its discretion under the post-*Booker* advisory Guidelines regime.