*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0084a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 07-5465

JOHN S. BROWN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00065—John G. Heyburn II, Chief District Judge.

Submitted: October 28, 2008

Decided and Filed: March 5, 2009

Before: MARTIN and GILMAN, Circuit Judges; DOWD, District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** Michael M. Losavio, Louisville, Kentucky, for Appellant. Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

_____

**SECOND AMENDED OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. Our prior opinion in this case is withdrawn.[1] John S. Brown appeals his 144 month sentence for possession of crack and

_____

[*] The Honorable David D. Dowd, Jr., Senior District Judge for the Northern District of Ohio, sitting by designation.

[1] In our previous opinion, we remanded Brown's case in light of the 2007 Amendments to the Sentencing Guidelines. 73 Fed. Reg. 217-01 (Jan. 2, 2008); § 1B1.10(c) (Supp. 2008). We now grant the United States' motion for rehearing and decline to remand because the district court is bound by the sentence it agreed to in approving Brown's binding plea bargain under Federal Rule of Criminal Procedure

powder cocaine with intent to distribute, possession of a firearm in furtherance of a drug crime, and being a felon in possession of a firearm.  On appeal, he argues that his sentence should be vacated because it was imposed without a presentence report.  We find that the district court properly exercised its discretion to impose a sentence without a presentence report under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) and U.S. SENTENCING GUIDELINES MANUAL § 6A1.1(a)(2).  Finding Brown's sentence to have been imposed in a procedurally reasonable manner, we AFFIRM.

## I.

On March 22, 2006, John S. Brown was arrested in Louisville, KY, on suspicion of drug trafficking.  Police found him carrying crack and powder cocaine, $918 in cash, and a loaded .380 handgun.  Brown admitted that he intended to distribute the drugs and that he carried the gun for protection.  He was subsequently charged with possession of crack and powder cocaine with intent to distribute, possession of a firearm in furtherance of a drug crime, and being a felon in possession of a firearm.  At the advice of counsel, Brown negotiated a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pleaded guilty to all counts, and agreed to a sentence of 144 months.  The district court found this sentence to be reasonable and sentenced Brown to 144 months.  Brown now appeals.

## II.

The standard of review for sentencing determinations is abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 594 (2007).  We review sentencing determinations for both procedural and substantive reasonableness.  A sentence is procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597.  "[A] sentence may be

---

11(c)(1)(C).  *See generally United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004).

substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (citation and quotation marks omitted).

III.

Brown argues that the district court's failure to consult a presentence report before sentencing him was procedurally unreasonable. We disagree. Presentence reports, while often an important resource, are not a mandatory part of the sentencing process. Both the Federal Rules of Criminal Procedure and the Sentencing Guidelines expressly provide that a district judge may sentence a defendant without a presentence report "[if] the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. Pro. 32(c)(1)(A)(ii); U.S.S.G. § 6A1.1(a)(2). This makes sense. The purpose of a presentence report is to inform the judge of the facts relevant to sentencing. As Rule 32(c)(1)(A)(ii) and U.S. SENTENCING GUIDELINES MANUAL § 6A1.1(a)(2) recognize, where the judge already has those facts in front of him, a presentence report is unnecessary. *Cf.* U.S.S.G. § 6A1.1 *cmt.* ("A thorough presentence investigation *ordinarily* is essential in determining the facts relevant to sentencing. Rule 32(c)(1)(A) permits the judge to dispense with a presentence report . . . when the court finds sufficient information in the record to enable it to exercise its statutory sentencing authority meaningfully and explains its finding on the record.") (emphasis added).

Brown correctly notes that section 6A1.1(b) provides that a defendant may not waive preparation of a presentence report. However, section 6A1.1(b) must be read in light of section 6A1.1(a), which empowers the judge to sentence a defendant without a presentence report. That is to say, section 6A1.1(b) does not limit the *judge's* authority to issue a sentence without a presentence report if he complies with Rule 32(c)(1)(A)(ii) and section 6A1.1(a)(2).

Here, Brown entered into a binding plea bargain with the United States pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. He agreed to the facts that were contained therein and which were independently reviewed by the district court at his sentencing hearing. Likewise, he agreed to a sentence of 144 months. Consistent with section 6B1.2(c), the district court accepted the plea bargain upon finding that the agreed-upon sentence fell within the applicable range.[2] It then asked Mr. Brown whether he would like to be sentenced that day or delay sentencing for "a couple of months" while a presentence report was prepared. In doing so the district court did not in any way limit its authority to impose a sentence without a presentence report. When Brown indicated he did not desire to wait, he signed a form memorializing this preference as an incident to this exchange. The district court then found that the record enabled it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and sentenced Brown to the agreed-upon sentence. To the extent the district court treated Brown's preference as controlling, it was within its discretion to do so, and this was in no way inconsistent with the Sentencing Guidelines.

Furthermore, it is clear from the record that the district court had sufficient information before it to "exercise its sentencing authority meaningfully." The district court had discussed Brown's criminal history with Brown's counsel, as well as the structure of Brown's plea agreement, under which the United States agreed to drop the second drug charge against him if he pled guilty to all counts and agreed to a 144 month sentence.[3] Having made the finding required by Rule 32(c)(1)(A)(ii), the district court went on to explain it on the record at Brown's sentencing hearing. This explanation was brief but sufficient in the broader context of the hearing: no facts relevant to sentencing were in dispute and Brown's sentence had been negotiated to three years less than the

---

[2] The record indicates that Brown's criminal history was most likely V, but clearly not less that IV. The plea bargain stipulated category V, and the district court followed this. However, to the extent there is any uncertainty, it is worth noting that the sentence of 144 months falls within the recommended range for both. The offense level for the drug charge was 23, with a five year minimum. For a criminal history of IV, the Guidelines Manual range was 70-87 months. For a criminal history of V, it would have been 84-105. The firearm count carried a 60 month minimum to be served consecutive to the first, so a total of 144 months falls within either category.

[3] This reduced the mandatory minimum of his sentences from fifteen years to ten.

mandatory minimum for the charges he faced.**4** Sentencing Brown without a presentence report was procedurally reasonable under these circumstances.

IV.

For the foregoing reasons, we AFFIRM Brown's sentence.

---

**4** Even if the district court had committed error here, that error would not be reversible under Fed. R. Crim. Pro. 52, because Brown did not object to it at his sentencing hearing and there is no evidence that it affected his substantial rights or the fairness of the proceedings. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008).