NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0734n.06

Nos. 08-5550 and 08-5551

**FILED**
**Nov 22, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ANA ISABEL PEREZ-LOPEZ, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COLE and WHITE, Circuit Judges; O'MEARA, District Judge.[*]

**JOHN CORBETT O'MEARA, District Judge.** In this consolidated appeal, defendant-appellant Ana Perez-Lopez appeals both her sentence for illegal re-entry to the United States and the revocation of supervised release from a previous conviction. Perez-Lopez contends the imposition of a 46-month sentence for illegal re-entry and a four-month consecutive sentence revoking supervised release is procedurally and substantively unreasonable. For the reasons set forth below, we will **AFFIRM** the sentences of the district court.

## I. BACKGROUND

Perez-Lopez was deported to Mexico on June 6, 2007, after completing a federal sentence for distributing cocaine. Four months later, on October 11, 2007, she was arrested for illegal re-entry to the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Perez-Lopez pleaded guilty and

[*]The Honorable John Corbett O'Meara, United States District Court for the Eastern District of Michigan, sitting by designation.

stipulated that there was probable cause to proceed with revocation of supervised release from her previous conviction.

The Presentence Investigation Report calculated a base offense level of 8. Sixteen levels were added because her prior offense involved a drug trafficking crime for which she received a sentence in excess of 13 months; and three levels were subtracted for acceptance of responsibility, resulting in an offense level of 21. Appellant had seven criminal history points based on one point for a prior drunk driving conviction, three points for the prior cocaine case, and three points for committing the illegal re-entry offense while on supervised release and less than two years after release from prison, all of which resulted in a criminal history category of IV. The corresponding Sentencing Guidelines range for imprisonment was 57-71 months.

Pursuant to U.S.S.G. § 5K1.1, the government moved for a two-level reduction in sentence based on Appellant's "substantial assistance." The district court granted the motion, and the total offense level was reduced to 19. With a criminal history category of IV, the Guidelines range became 46-57 months. The government recommended a sentence of 46 months; Perez-Lopez asked for 30 months.

Appellant stipulated that she violated her supervised release on her previous conviction by committing a new crime, illegal re-entry; not submitting to DNA testing; and not participating in substance abuse treatment. The applicable Guideline range called for a sentence of four to ten months; and the court imposed a four-month sentence to run consecutive to the 46-month sentence, resulting in a total sentence of 50 months.

**II. ANALYSIS**

Following *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory rather than mandatory; and "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). Although we have previously held that a "rebuttable appellate presumption of reasonableness" applies "to a sentence that falls within a properly calculated guidelines range," *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008), "the presumption is not binding." *Rita v. United States*, 551 U.S. 338, 347 (2007). Supervised release revocation cases are reviewed the same way as "all other sentences–under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007).

In assessing reasonableness, this court reviews the sentence for both procedural and substantive error. *Gall*, 552 U.S. at 51. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. "A sentence may be considered substantively unreasonable where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009) *cert. denied*, 129 U.S. 2884 (2009)(citation omitted).

In this case Perez-Lopez argues that her sentence is procedurally unreasonable "because the court paid only lip service to consideration of the § 3553(a) factors and failed to adequately explain

the reasons for the sentence imposed." Appellant Br. at 10. She claims that the district court did not adequately consider the following: her family situation, her lack of criminal involvement since reentering the country, the alleged over-representation of her criminal history caused by her prior drug conviction, or the disparity between her sentence and sentences imposed on similarly charged defendants who are eligible for "fast-track" or early disposition programs in jurisdictions that have them.

In addition, Perez-Lopez claims that her sentence for illegal re-entry, as well as the consecutive four-month sentence revoking her previous supervised release, is substantively unreasonable because the district court gave an unnecessary amount of weight to her prior drug conviction and the sentence was greater than necessary to comply with 18 U.S.C. § 3553.

### A. Procedural Reasonableness

Perez-Lopez does not contend that the district court improperly calculated the Guidelines range, treated the Guidelines as mandatory rather than advisory, or selected a sentence based on clearly erroneous facts. Instead, she argues that the court paid only lip service to consideration of the § 3553(a) factors and failed to adequately explain its reasons for the sentence imposed.

This court has found that "there is no requirement that the district court engage in a ritualistic incantation of the § 3553(a) factors it considers." *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005)(citation omitted). Moreover, when a sentence is imposed within the applicable Guidelines range, as here, the sentencing court need not explicitly state that it has considered and rejected each of the defendant's arguments. *Rita v. United States*, 551 U.S. 338, 357 (2007).

In this case Perez-Lopez's defense counsel argued for a sentence below the Guidelines range because of her family situation, her lack of criminal involvement after her illegal re-entry, and the over representation of her criminal history caused by her prior drug conviction. Defense counsel explained that Perez-Lopez returned to the United States because her children's primary language was English; and when she returned to Mexico, her children had difficulty assimilating into Mexican culture because they did not speak Spanish. The district court did consider this, along with the fact that the children would be without their mother while she was incarcerated, and noted, "These things often do come back on innocent people like her children." Sentencing TR p.11. The court continued,

> But the plain fact is, this is about as bold an immigration case as you see. I mean, somebody who comes over here illegally, deals cocaine, is caught, sentenced, convicted, deported and comes right back. I mean, you know, that's–that's the problem. If these children were born in the United States, they're citizens, but I don't know where they were born. It doesn't make any difference. The fact is their mother is not legally in this country.
>
> If she has raised them here, then she's raised them because she's been here illegally. And if English is their first language because they've been raised here, then that's–she's done them wrong, as they say in the country music business.

*Id*.

The Guidelines themselves provide, "In sentencing a defendant convicted of an offense . . . , family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6.

The district court made little mention of Perez-Lopez's lack of criminal involvement after her illegal re-entry except expressing, "Well, thank goodness." Sentencing TR p.12. However, she was arrested back in the United States merely four months after her deportation.

Perez-Lopez also argues that her prior conviction resulted in an over representation of her criminal history. The district court acknowledged the 16-level increase in offense level and said it had handled some cases in Arizona and had seen those kinds of "bumps" there even with relatively less serious crimes like "an alcoholic fight or something like that." *Id*. In this case, though, the court found, "[H]ere we have one where there really is a pretty serious reason why the deportation results in a 16-level bump, because we got a cocaine dealer here." *Id*.

Another factor in the § 3553 sentencing calculus is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). In the context of illegal re-entry cases, this means that the court may consider the availability of a reduced sentence in jurisdictions having a "fast-track" program. Although the record reflects that the district court did not accept defense counsel's argument regarding the disparity, the court did acknowledge that it had sat on cases in Arizona and found, as noted above, that Perez-Lopez's illegal re-entry was more serious than other cases because she was a convicted cocaine dealer.

The court's failure to weigh Perez-Lopez's arguments in favor of a downward departure cannot be found procedurally unreasonable, particularly in light of the fact that she was sentenced at the lowest end of the Guidelines range.

## B. Substantive Unreasonableness

Perez-Lopez argues that her 46-month sentence for illegal re-entry and her four-month consecutive sentence revoking supervised release on her previous conviction are substantively unreasonable because the sentencing judge gave an unnecessary amount of weight to her prior conviction and the sentences are greater than necessary to comply with § 3553.

The district court did not select the sentences arbitrarily, did not base them on impermissible factors, and did not fail to consider the § 3553 factors. *See Brown, supra.* We also find it did not give an unreasonable amount of weight to her prior drug conviction. Both the sentence for illegal re-entry and the revocation of supervised release on the previous conviction were the lowest of the Guidelines range. After the probation department had recommended 10 months for the violation of supervised release, the court considered it but thought it was "probably too much." Sentencing TR at 19. The sentencing judge believed a consecutive sentence was called for "to respect the earlier sentence that was imposed" by the judge in the prior drug case.

## III. CONCLUSION

In reviewing the district court's imposition of both the sentence for illegal re-entry and for violation of supervised release, we find neither was procedurally nor substantively unreasonable and therefore **AFFIRM** the judgment of the district court.