NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0618n.06

Case No. 09-2368

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| EDDRICK MAREICUS LOGAN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, Chief Judge; CLAY and SUTTON, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Eddrick Mareicus Logan was sentenced to 188 months in prison for possession with intent to distribute five grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He appeals the district court's sentence, alleging that it is both procedurally and substantively unreasonable. We find that the district court's sentence was reasonable, and we AFFIRM.

I.

On August 14, 2008, Michigan police officers stopped a van that Logan was driving. The owner of the van, Anthony Smith, was sitting in the backseat. Police had been investigating Smith in connection with a large-scale drug-trafficking organization in the area. The officers found 13.78 grams of crack cocaine in Logan's pocket, 3.2 grams of marijuana on Smith, a small amount of marijuana in the van, and 497.48 grams of heroin in a hidden compartment within the van. They arrested Logan and Smith.

While in custody, Smith told the police about his drug trafficking. Most notably, Smith claimed that he had traveled with Logan on three or four occasions to purchase heroin from an individual named Guillermo Samano-Padilla. Smith stated that, on each occasion, Logan purchased 10 ounces of heroin. Logan denied these allegations.

A grand jury returned a three-count indictment charging Logan with three felony drug-trafficking offenses. Count Three charged Logan with possession with intent to distribute five grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Logan pled guilty to Count Three, and the district court dismissed the other charges at sentencing upon the government's motion.

The Presentence Investigation Report ("PSR") determined that Logan was accountable for 1,623.58 kilograms of marijuana equivalent. This amount included the drugs recovered in the August 14, 2008, traffic stop, as well as the heroin that Smith claimed Logan had purchased from Samano-Padilla on three or four occasions. Based on these drug amounts, the PSR determined that Logan's total offense level was 31. Logan had a criminal history category of VI.

Prior to his sentencing hearing, Logan filed a Sentencing Memorandum objecting to the drug quantity attributed to him in the PSR. He also filed a motion for a downward variance from the career offender guidelines, arguing that the application of those guidelines would be unreasonable for several reasons, including, *inter alia*: the resulting disproportionate increase in his Guidelines range; Logan's age in relation to the total amount of time that he would be incarcerated; the amount of time that Logan had already spent in prison; the challenges of assimilating to life outside of prison after serving such a lengthy sentence; and Logan's lack of education and vocational skills.

At the sentencing hearing, the district court sustained Logan's objection to the drug quantity, and found him responsible only for the drugs found on his person and in the vehicle he was driving on August 14, 2008. The district court recalculated Logan's offense level based on the lesser drug quantity and determined that it was 31.[1] His criminal history category remained VI. Based on his offense level and criminal history category, Logan's Guidelines range was 188 to 235 months in prison. After hearing argument through counsel and Logan's allocution regarding his motion for a downward variance, the district court sentenced him to 188 months in prison. At the conclusion of the sentencing hearing, Logan's attorney indicated that there were no objections.

Logan filed this timely appeal in which he argues that his sentence was procedurally and substantively unreasonable.

## II.

We have explained that,

> A sentence is procedurally unreasonable if it is marked by significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

---

[1] Notwithstanding the district court's decision to attribute a smaller quantity of drugs to Logan, his offense level remained unchanged because he is a career offender. Once a defendant is determined to be a career offender, his base offense level becomes the greater of the offense level set forth in the career offender table, U.S.S.G. § 4B1.1(b), or "the offense level otherwise applicable." After sustaining Logan's objection to the drug quantity attributed to him, the "offense level otherwise applicable" was 30. Since Logan's career offender guideline level of 34 was higher, the district court properly calculated his total offense level (after a three-level reduction for acceptance of responsibility) as 31.

*United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009) (internal quotation marks and citations omitted). If objections are properly preserved, we review sentences for procedural reasonableness under a deferential abuse-of-discretion standard. *United States v. Bailey*, 488 F.3d 363, 368 (6th Cir. 2007). "However, when the district court asks at sentencing whether there are any objections to the sentence and the appellant raises none, we review the sentence only for plain error." *Id.*

At the conclusion of the sentencing hearing, the district court asked the parties if they had "[a]ny legal objection not otherwise raised," and defense counsel indicated that there were none. Although this language technically deviates from the talismanic language in *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004) (requiring district courts "to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised"), we need not decide whether it is sufficient to meet the *Bostic* requirement because Logan's claims fail under either standard of review.

Logan first argues that his sentence is procedurally unreasonable because the district court failed to consider his motion for a downward variance. This is factually incorrect, as the district court affirmatively acknowledged Logan's motion for a downward variance from the career offender guidelines. Logan also argues that the court failed to recognize its discretion to depart from the Guidelines range. However, there is no indication in the record that the district court believed that it lacked such discretion. "It would be a misreading of the Supreme Court's cases to say that a sentencing judge must explicitly recognize that [sentencing] variances are permitted when the court has given no indication that it believes they are prohibited and explicitly recognizes the advisory

nature of the Guidelines." *United States v. Simmons*, 587 F.3d 348, 364 (6th Cir. 2009). Therefore, Logan's sentence was not procedurally unreasonable.

## III.

Logan also argues that his sentence is substantively unreasonable. We review the substantive reasonableness of sentences for abuse of discretion. *United States v. Alexander*, 543 F.3d 819, 821-22 (6th Cir. 2008). "A sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors[,] or gives an unreasonable amount of weight to any pertinent factor." *Brown*, 557 F.3d at 299 (internal quotation marks and citations omitted). A sentence within the Guidelines range is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (2008) (en banc).

Although he received a sentence at the bottom of the Guidelines range, Logan argues that his sentence was substantively unreasonable because the district court did not grant a downward variance based on the "unfairness" of the career offender guidelines. However, the district court clearly considered Logan's argument and specifically rejected it because Logan had committed the instant offense so soon after his release on parole. Further, the district court also considered all of the § 3553(a) factors and was particularly concerned with the need to deter Logan, the need to protect the public, and the need to provide a just punishment. There is no basis for concluding that Logan's sentence was substantively unreasonable.

## IV.

For the foregoing reasons, we **AFFIRM** the decision of the district court.