**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4115**

─────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

DAVID M. KISSI,

           Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:05-cr-00254-AW-1)

─────────

Submitted: September 26, 2013      Decided: October 17, 2013

─────────

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

─────────

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

─────────

Gary A. Ticknor, Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Kristi N. O'Malley, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Kissi appeals the district court's order revoking his term of supervised release and imposing a ten-month term of imprisonment, followed by an additional term of supervised release. Kissi first asserts that the district court erred in denying his motion for a continuance/substitution of counsel, forcing him to represent himself. Prior to the December 2012 revocation hearing, Kissi had hired and fired private counsel and the federal public defender appointed to represent him was allowed to withdraw. Finally, the district court appointed Christopher Nieto to represent Kissi at the scheduled hearing. One week prior to the revocation hearing, the court denied Nieto's motion to withdraw and ordered that "Counsel who was appointed by the Court to represent the Defendant will continue to serve as appointed counsel or as [standby counsel], in the event that Defendant wishes to represent himself. Should Defendant secure his own private counsel to represent Defendant at the December 17, 2012 hearing, the Court will revisit the motion to withdraw." Kissi did not obtain private counsel prior to the hearing.

At the beginning of the hearing, Kissi informed the court that he had "already fired" Nieto and asked the court to "give me time beyond today so I go and get myself a lawyer." The court reminded Kissi that it had already given him

2

additional time to do so, but that he had failed. The court noted that Kissi's difficulties with his attorney were caused by Kissi's refusal to cooperate. The court ultimately gave Kissi the choice to work with court-appointed counsel or represent himself, with counsel available as standby counsel. The transcript reveals that, although Kissi handled part of the hearing pro se, Nieto actually represented him for the majority of the hearing.

We review a district court's ruling on a motion to substitute counsel for abuse of discretion. United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012). While a criminal defendant has a right to counsel of his own choosing, that right is not absolute. Powell v. Alabama, 287 U.S. 45, 52-53 (1932); Sampley v. Attorney Gen. of N.C., 786 F.2d 610, 612 (4th Cir. 1986). In particular, a defendant's right to choose his own counsel is limited so as not to "deprive courts of the exercise of their inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) ("[A] trial court[] [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against demands of its calendar[.]") (internal citations omitted). Our review of the record leads us to conclude that

3

the district court did not abuse its discretion when it denied Kissi's third request for new counsel.

Next, Kissi argues that the district court erred by permitting hearsay evidence in the form of emails from district court Judge Messitte.  A defendant at a revocation hearing has the right "to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)."  Morrissey v. Brewer, 408 U.S. 471, 489 (1972).  The parameters of this right are established in Fed. R. Crim. P. 32.1(b)(2)(C), which states that a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear."  United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012).  Doswell requires that the district court "balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation."  Id.  If the evidence is reliable and the Government's explanation for not producing the witness is satisfactory, the hearsay evidence will likely be admissible. Id. at 531.  Applying these standards, we conclude that the district court did not abuse its discretion in allowing the emails as evidence without Judge Messitte's live testimony.

Kissi next claims that he was denied his constitutional right to a jury trial.  Because revocation

4

proceedings are not stages of a criminal prosecution, there is no constitutional right to a jury trial. See, e.g., United States v. Carlton, 442 F.3d 802, 807 (2d Cir. 2006) ("[T]he 'full panoply of rights' due a defendant in a criminal prosecution does not apply to revocation hearings for parole, for probation, or for supervised release." (citations omitted)); United States v. Work, 409 F.3d 484, 491-92 (1st Cir. 2005) (Sixth Amendment's right to jury trial does not extend to supervised release revocation proceedings).

In his fourth claim, Kissi argues that the Government failed to prove that he possessed the necessary mens rea element of the violations alleged in the petitions to revoke his supervised release. At the hearing, Kissi argued at length that he believed the underlying prefiling injunction at issue did not prohibit him from filing the civil actions which resulted in the contempt convictions. As the district court concluded, however, Kissi was a "willful violator" notwithstanding "his misperception and his mistaken beliefs."

Next, Kissi asserts that the district court's judgment is inconsistent with the charged violations. Kissi apparently believes that the district court's findings with respect to specific violations are inconsistent with the petitions to revoke his supervised release filed in July and August 2012. Specifically, the petitions list the original conditions of

Kissi's supervised release in numbered paragraphs (1) through (9)—the grounds for revoking supervised release were listed in unnumbered paragraphs, each beginning with "WHEREAS." However, it is clear that the district court's findings refer to the third and fourth unnumbered paragraphs in the July petition and the first unnumbered paragraph in the August petition. It is equally clear from the transcript that there was no confusion as to which violation the court was referring.

Finally, Kissi raises several challenges to the reasonableness of his sentence. A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, this court first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that [it] employ[s] in [its] review of original sentences." Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court properly calculates the Guidelines' Chapter 7 advisory policy statement

6

range and explains the sentence adequately after considering the policy statements and the 18 U.S.C. § 3553(a) (2006) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C.A. § 3583(e) (West 2006 & Supp. 2012); Thompson, 595 F.3d at 547; Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this Court "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

We conclude that Kissi's sentence is both procedurally and substantively reasonable, with one exception noted below. The district court properly calculated the Guidelines' Chapter 7 advisory policy statement range and explained the sentence thoroughly after considering the policy statements and § 3553(a) factors. And, the district court stated a proper basis for concluding that Kissi should receive the sentence imposed.

Nevertheless, Kissi first argues that his sentence is unreasonable because the court added additional supervised release after initially finding that Kissi was not a good candidate for further supervised release. Although the court

7

did state, at the revocation hearing in December, that it was likely to terminate supervised release, Kissi's conduct after the hearing and prior to sentencing on February 4, 2013, caused the court to change its mind. Specifically, Kissi not only failed to dismiss the three lawsuits he had filed which were the subject of the contempt convictions, but also filed a new suit against the attorney who represented him at the revocation hearing and continued to file repetitive and vexatious motions in this and other cases.

Next, Kissi asserts, for the first time on appeal, that the district court erred in finding that his was a Grade B violation and not a Grade C violation. Because criminal contempt has no statutory maximum sentence, it is not classified as either a felony or a misdemeanor. See Cheff v. Schnackenberg, 384 U.S. 373, 380 (1966) (defining the crime of contempt as an "offense sui generis," neither a felony nor a misdemeanor). However, because "[t]he length of the sentence rests in the sound discretion of the trial judge," United States v. Seavers, 472 F.2d 607, 611 (6th Cir. 1973), we find no error in its treatment as a felony for sentencing purposes.

Finally, Kissi argues that the district court plainly erred when it continued the original condition of supervised release requiring that he reimburse the court funds paid to his counsel during trial. The Government concedes this issue,

8

citing United States v. Moore, 666 F.3d 313, 322 (4th Cir. 2012), and notes that it filed a motion in the district court to modify the conditions of supervised release to release this one condition. The district court has not ruled on the motion. Therefore, we vacate this portion of the judgment and remand to the district court to modify the conditions of release and remove this condition.

In all other respects, we affirm the district court's judgment. In light of this disposition, we deny Kissi's motion for release pending appeal as well as his motion for leave to file a supplemental pro se brief. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Kissi, in writing, of the right to petition the Supreme Court of the United States for further review. If Kissi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kissi.

We dispense with oral argument because the facts and legal contentions are adequately represented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART