**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY RICHARD HAMILL,

Defendant-Appellant.

No. 13-4124
(D.C. No. 2:05-CR-00423-DAK-1)
(D. of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Anthony Hamill, a federal prisoner proceeding *pro se*, appeals the district

court's denial of two alternative challenges to the jurisdiction of his sentencing

court. Hamill also moves to proceed *in forma pauperis* (IFP). Exercising

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the judgment of the district court and DENY Hamill's application to proceed IFP.[1]

## I. Background

In 2005, a federal grand jury indicted Hamill on one count of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2). Hamill waived indictment and pleaded guilty to the lesser charge of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). At Hamill's request, the court imposed a sentence the same day, giving Hamill the mandatory minimum of 120 months of imprisonment followed by a term of supervised release.

Hamill did not directly appeal his sentence, but he did timely request habeas relief on numerous grounds. After losing on his claim for habeas relief, Hamill has made a habit of submitting frivolous filings in the district court. In his latest effort, which is the subject of this appeal, Hamill purports to challenge, on two different grounds, the district court's jurisdiction to impose a sentence on him following his guilty plea. First, Hamill claims the district court lacked subject matter jurisdiction because the government failed to properly present his case to a grand jury. Second, Hamill claims that the district court improperly sentenced him without preparing and introducing a presentencing report (PSR) in

---

[1] Hamill has also submitted a response to the government's motion to supplement the record. We granted the government's motion on January 21, 2014 and find no merit to defendant's imaginative objections to the addendum's admission.

a timely fashion. The district court summarily rejected both of Hamill's protestations.

## II. Analysis

We review the soundness of the district court's jurisdictional determinations de novo. *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234 (10th Cir. 2006). To the extent that Hamill validly challenges the particulars of his sentence, we review the sentencing court's decision for abuse of discretion. *United States v. Booker*, 543 U.S. 220, 261 (2005). Although we generously construe the filings of all *pro se* litigants during our review, we do not serve as Hamill's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A. Grand Jury Proceedings

Hamill frames his first challenge as a question of subject matter jurisdiction, presumably to account for his failure to raise the issue in the numerous motions and filings that he has brought since his conviction over eight years ago. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."). But the Supreme Court has held that defects in the process of indictment by grand jury do not present jurisdictional consequences that deprive a court of its power to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 630 (2002). In other words, Hamill has not properly presented an issue of subject matter jurisdiction, and he relinquished

his ability to challenge any alleged shortcomings with his indictment when he failed to raise the issue on direct appeal or in his request for habeas relief. Irrespective of its timeliness, Hamill's motion lacks merit because he unambiguously waived his right to prosecution by indictment under his plea agreement. *See* Fed. R. Crim. P. 7(b).

## B. Sentencing

Hamill's second challenge is more difficult to decipher, but it is also couched in terms of subject matter jurisdiction. Construed liberally, however, the gravamen of Hamill's argument is that the sentencing court's failure to consider his PSR in advance of sentencing was unreasonable. As with the indictment, however, Hamill knowingly and voluntarily waived his right to appeal the reasonableness of his sentence through his plea agreement. *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013). A direct appeal of his sentence, of course, would also be untimely.

In any event, we find no error in the sentencing court's decision to forego the PSR in sentencing Hamill. In the normal course, Federal Rule of Criminal Procedure 32(c) requires the preparation of a PSR before the court imposes a sentence. Under subsection 32(c)(1)(A)(ii), by contrast, no PSR is necessary when "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under [the applicable sentencing statute], and the court explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii). The

-4-

sentencing court's explanation from its minute entry is admittedly sparse, but it did specify that the court "[found] a factual basis upon which to proceed with" both the plea and the sentencing. R., Vol. I at 4.

Moreover, the court noted on the record that the defendant "request[ed] the Court impose [a] sentence today." *Id.* Despite its brevity, the court's explanation was a reasonable exercise of its authority and comported with Hamill's preference as to the timing of his sentencing hearing. *See, e.g.*, *United States v. Brown*, 557 F.3d 297, 300–01 (6th Cir. 2009) (upholding the court's sentencing decision under Rule 32 because the court properly exercised its discretion in part by considering the defendant's preferred timing for the hearing).

## III. Conclusion

Based on the foregoing, we AFFIRM the judgment of the district court and DENY Hamill's application to proceed IFP.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge