**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4268**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT MCCOY, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:19-cr-00035-KDB-DCK-1)

Submitted:  October 29, 2020                          Decided:  November 6, 2020

Before MOTZ and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert McCoy, Jr., was convicted after a bench trial of criminal contempt and sentenced to four months' imprisonment. He appeals, challenging the sufficiency of the evidence and the reasonableness of his sentence. Finding no error, we affirm.

McCoy first argues that the evidence was insufficient to support a conviction for criminal contempt; rather, he argues, his conduct supported a finding of, at most, civil contempt. A defendant challenging the sufficiency of the evidence faces a heavy burden. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). "In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict. Substantial evidence means evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018).

In order to be convicted of criminal contempt under 18 U.S.C. § 401(3), the court must find: "(1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." *In re Gates*, 600 F.3d 333, 338-39 (4th Cir. 2010) (internal quotation marks omitted). "One may be found in contempt under § 401(3) only if [he] willfully violated a decree that was clear and left no uncertainty in the minds of those that heard it." *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) (internal quotation marks omitted). We have reviewed the record and find that the evidence here amply supported each of these elements. The bankruptcy court's orders clearly specified what was expected of McCoy and he clearly—and repeatedly—violated each of those

2

orders and did so willfully. Therefore, the district court properly found that McCoy's conduct constituted criminal contempt beyond a reasonable doubt.

Next, McCoy challenges his sentence on two grounds. First, he argues that the district court's failure to order a presentence investigation report was an abuse of its discretion. Second, he argues that a four-month term of imprisonment is unreasonable in light of his health concerns and risk of exposure to COVID-19. With respect to McCoy's first argument, Fed. R. Crim. P. 32(a)(1)(A)(ii) provides that a presentence report is not necessary where "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." We review a district court's determination that a presentence report is not required for abuse of discretion. *See United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009). We find no such abuse of discretion. The district court explicitly found that a presentence report was not necessary and counsel agreed. Further, the court explained its reasoning for dispensing with a presentence report and offered counsel additional time to present any evidence regarding the § 3553(a) factors. McCoy does not offer any evidence that he was prevented from presenting to the district court.

Next, McCoy asserts that a four-month prison sentence is unreasonable, particularly in light of his health and the global pandemic. Criminal contempt has no statutory maximum and can be treated as either a felony or as misdemeanor. *Cheff v. Schnackenberg*, 384 U.S. 373, 380 (1966) (defining the crime of contempt as an offense sui generis, neither a felony nor a misdemeanor). The length of a sentence for contempt thus rests in the sound discretion of the court. *United States v. Kissi*, 543 F. App'x 293, 296 (4th Cir. 2013) (No.

3

13-4115) (upholding treating supervised release violation based on contempt as a felony rather than misdemeanor in determining violation grade). Because McCoy proceeded to trial before a district court judge and not a jury, the parties agreed that McCoy's maximum punishment would be six months' imprisonment. *See Muniz v. Hoffman*, 422 U.S. 454, 475-76 (1975) (holding that criminal contempt involving imprisonment for no more than six month carries no entitlement to a jury trial); *see also United States v. Linney*, 134 F.3d 274, 280 (4th Cir. 1998) ("[W]here no legislative penalty is specified and sentence is left to the discretion of the judge, as is often true in the case of criminal contempt, the penalties or seriousness of the contempt will be judged by the penalty actually imposed.") (internal quotation marks omitted).

Here, the district court thoroughly addressed the relevant factors under 18 U.S.C. § 3553(a), taking into account McCoy's family circumstances and medical needs, the seriousness of his offense, the need to promote respect for the law and to provide just punishment, and to deter others from violating the court's orders. And, the district court specifically considered the health risks faced by McCoy in light of the pandemic and fashioned a sentence to ameliorate those risks, allowing a four-month period before McCoy was to self-report, thereby avoiding McCoy's placement in a local jail. Accordingly, we find no abuse of discretion by the district court.

We therefore affirm McCoy's conviction and sentence. We deny McCoy's motion to file a pro se supplemental brief and deny as moot his motion to expedite. We dispense

4

with oral argument because the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*